CASE 28—PETITION EQUITY—SEPTEMBER 30.

## Renaker vs. Lemon, &c.

APPEAL FROM THE HARRISON CIRCUIT COURT.

1. By a will made in 1835, the testator gave his estate to his children jointly as a class.   Between the publication of the will and the death of the testator, in 1858, three of his daughters died, each leaving children.   *Held*—That the children were entitled to the portions devised to their mothers, under *sec.* 1, *art.* 2, *of chap.* 46, 2 *Rev. Stat.*, *p.* 1.

2. The sole object and effect of this statute is to prevent the survivorship of the common law.

3. The 26th *section* of the chapter on wills (2 *Rev. Stat.*, *p.* 464), applies to the 18th *section* of the same chapter, and not to *art.* 2 *of chap.* 46.

TRIMBLE & GRIFF, for appellant, cited 1 *Jarman*, 295 ; *Sess. Acts* 1838–9, *p.* 38 ; 9 *B. M.*, 203 ; *Rev. Stat.*, *sec.* 1, *art.* 2, *chap.* 46.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In the year 1835 David Lemon, who lived until 1858, wrote his will, giving his estate to his children jointly as a class.

Between the publication of the will and the death of the testator, three of his daughters died, each leaving children. After probate of the will, the descendants of those three daughters brought this suit in equity, claiming for each stock, as the representative of their mother, the portion of the estate to which she would have been entitled had she survived her father. On demurrer, the circuit court dismissed the petition; and this appeal presents the question of survivorship or succession. The circuit judge seemed to think that the joint devise and bequest survived to the surviving children of the testator. But this court is of the opinion that the children of the deceased devisees and legatees succeeded to it by legal substitution.

According to the common law a joint devise or bequest survived to the survivors; and a several devise or bequest lapsed by the death of the devisee or legatee in the lifetime of the testator. This common law doctrine has been abolished by the statutory law of Kentucky, which has established a rule more accordant with justice and the presumed purpose of testators.

A statute of 1839 re-enacted by the Revised Statutes (*ch.* 46, *art.* 2, 2 *Stanton, p.* 1), provides that "when a devise is made to several as a class, or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor."

The sole object of this enactment was to prevent the survivorship of the common law; and such only is its legal effect. Notwithstanding its provisions, a several devise or legacy to one lapsed into the testator's estate by the intervening death of the beneficiary, until a subsequent enactment in the Revised Statutes on Wills, chapter 106, section 18, which provides that "if *a devisee* or *legatee* dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived

the testator, unless a different disposition thereof is made or required by the will."

As before this last enactment, such single devises and legacies as it provides for would have lapsed, its only object was to extend to them the principle of the previous statute abolishing survivorship in cases of joint devises and legacies. This made our law homogeneous in both classes of cases of lapse and survivorship; and evidently the last enactment applies only to a several legacy or devise, which, by the common law, could not have survived, but would have lapsed by the beneficiary's death before that of the testator.

The plain and inevitable consequence is, that the provision in the 26th section of the same statute on wills, that "the preceding sections of this chapter shall not extend to any will made before this chapter is in force," applies, so far as the question we are now considering is concerned, to the 18th section of the same statute on wills respecting the lapse of a several devise or bequest, and can have no reference to the antecedent statute concerning survivorship in cases of joint devises and bequests; and which, therefore, is obviously the law, and only law, of this case.

The logical and legal conclusion is, that the appellants, as descendants, are entitled to the portions devised and bequeathed to their deceased mothers. Consequently, in the judgment of this court, the circuit court erred in dismissing their petition.

Wherefore, that judgment is reversed, and the case remanded, to be disposed of according to the principles of the foregoing opinion.