CASE 40—ACTION BY GEORGE BAUMBACH AS GUARDIAN AGAINST
MICHAEL RUFF AND OTHERS FOR CONSTRUCTION OF THE WILL OF
GALLAS RUFF, DECEASED.—DEC. 12.

# Ruff v. Baumbach.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

WILLS—CONSTRUCTION—DEVISE TO CHILDREN THEN LIVING—DEATH OF
DEVISEE LEAVING CHILDREN.

Held: 1. Kentucky Statutes, section 2064, provides that when a de-
vise is made to several as a class, or as joint tenants, if a de-
visee die before testator, leaving issue, the share of such de-
visee shall go to his descendants, unless a different disposition
is made by the devisor, and that a devise to children embraces
grandchildren, when there are no children, and no other con-
struction will give effect to the devise. Section 4841 enacts
that if a devisee dies before the testator, or is dead at the
making of the will, leaving issue who survive the testator, such
issue shall take the estate of the deceased devisee, unless a
different disposition is made or required by the will. HELD,
that where testator left an estate to his wife for life, then to be
equally divided "between my children then living," but one of
his children died before testator's death, leaving issue, such is-
sue were entitled to the share of such child.

2. The right to dispose of property by will is a statutory one and
the language of the will must be considered in connection with
the statutes; the use of the words "then living" by the testa-
tor does not manifest an intention to exclude the descendants of
those who may be dead, and they are entitled to stand in the
shoes of their ancestor in the division of the estate.

WM. MARSHALL BULLITT, FOR APPELLANTS.

The provision of the will in controversy is in these words:
"All the balance of my estate, real, personal and mixed, I will,
bequeath and devise to my beloved wife, Teresa Ruff, during
her life and widowhood, and after her death I devise, will and
direct that the same shall be equally divided between *my chil-
dren then living*."

Ruff v. Baumbach.

Our contention is:

1. The testator devised his estate to his wife for life with remainder to such and only such of his children as should still be living at the time of his wife's death, thereby excluding his grandchildren who were the issue of a pre-deceased daughter, Mary Baumbach.

2. The authorities are uniform that testator's devise to his wife "during her life" and "after her death," to his children "then living," gave a life estate to the wife with a contingent remainder to the children—contingent on their surviving the life tenant; and such and only such children took as were living at the death of the wife, to the exclusion of the Baumbach grandchildren whose parent died even before the testator.

3. The phrase "children then living," used in the will does not include grandchildren who were the issue of a pre-deceased daughter.

4. This case is important as it involves a radical departure from the settled canons of construction. If it is affirmed, it is equivalent to saying that no man can exclude the issue of a deceased child; for if ever a man used apt words to confine his estate to his own offspring it was Gallus Ruff, who, in numerous places showed that he realized the possibility of death, and yet wished his estate to go to his children "living at the time of my death," and again to his children "then living," that is, at the time of his wife's death.

### AUTHORITIES CITED.

Howell v. Ackerman, 89 Ky., 22, 27; Johnson v. Jacob, 11 Bush, 646; Boone v. Dyke, 3 Mon., 530; 20 Am. & Eng. Ency. of Law, 842; Underhill on Wills, secs. 557-865; Page on Wills, sec. 546; Neatway v. Reed, 17 Eng. Law & Eq., 153; Low v. Harmony, 72 N. Y., 408; Hill v. Rockingham Bank, 45 N. H., 270; Cheatham v. Gower, 94 Va., 383 (Va.); Olney v. Hull, 21 Pick., 311; Roundtree v. Roundtree, 25 S. C., 450; Mercantile Trust Co. v. Brown, 71 Md., 166; Coveny v. McLaughlin, 148 Mass., 576; Van Tilburgh v. Hollinshead, 14 N. J. Eq., 32; Slack v. Bird, 23 N. J. Eq., 238; Smith v. Block, 29 Ohio St., 488; Robinson v. Palmer, 38 Atl., 103 (Me.); Gill v. Barrett, 29 Beav., 372 (1861); Drew v. Drew, 22 W. R., 314; Thompson v. Luddington, 104 Mass., 193; Bragg v. Carter, 171 Mass., 324; Proctor v. Clark, 154 Mass., 45; Colby v. Duncan, 139 Mass., 398; Wood v. Bullard, 151 Mass., 324; Nash v. Nash, 12 Allen, 345; Ringquest v. Young, 112 Mo., 25; Hopkins v. Keaser, 36 Atl., 615 (Me.); Wilhelm v. Calder, 102; Iowa, 342; Patchen v. Patchen, 121 N. Y., 422 (24 N. E., 695); McGillis v. McGil-

lis, 154 N. Y., 532; Shanks v. Mills, 25 S. C., 358; Phillips v. Beall, 9 Dana, 1; Augustus v. Seabolt, 3 Met., 155; Schouler on Wills, sec. 533; Jarman on Wills, 690; 5 Am. & Eng. Ency. of Law (2d ed.) 1085; Churchill v. Churchill, 2 Met., 466; Phillips v. Beall, 9 Dana, 1; Hopson v. Shipp, 7 Bush, 644; Yeates v. Gill, 9 B. Mon., 203; Hughes v. Hughes, 12 B. Mon., 115; Ewing v. Hadley, 4 Litt., 351; Chenault v. Chenault, 88 Ky., 83; Smith v. Miller, 20 Ky. Law Rep., 910; Dunlap v. Shreve, 2 Duv., 334; Fuller v. Martin, 96 Ky., 500.

GIBSON, MARSHALL & GIBSON, FOR APPELLEES.

Testator's will was made July 15, 1885, and he died in November, 1888. He and his daughter, Mary Baumbach, while driving together were severely injured in an accident. She was almost instantly killed and he lived only three days. His daughter, Mary Baumbach, left surviving her four infant children and her husband, George Baumbach. Two of the children have since died, and it is now claimed that their father, George Baumbach (who inherited the share of the two dead children), and the two living children are entitled to the interest of Mary Baumbach in the estate of her father under his will, and the lower court so decided.

For the appellees it is contended:

1. That the devise of Gallus Ruff was to his children as a class; that Mary Baumbach was a member of this class, and the estate vested in this class *upon the death of the testator* and had she been living at that time she would *then* have been entitled to a vested remainder in her share of her father's property.

2. That, being a member of this class, she was a devisee under the will, as much as if mentioned, in fact, by name, and having died before the testator, her interest in the property descended to her children as provided in section 2064 of the Kentucky Statutes.

3. The testator intended that his estate should go to his children and their descendants and surely no refinements of the law will now be indulged to disinherit these descendants and work a gross and flagrant injustice.

### AUTHORITIES CITED.

Smith v. Miller, 20 Ky. Law Rep., 910; Evans v. Henderson, 24 Ky. Law Rep., 303; Ormsby v. Dumesnil, 91 Ky., 605; Mercantile Bank of N. Y. v. Ballard's Assne., 83 Ky., 483; Arnold v. Arnold, 11 Mon., 89; Grigsby v. Breckinridge, 12 Bush, 631; Williamson v. Williamson, 18 B. Mon., 299; Kentucky Stat-

Ruff v. Baumbach.

utes, sec. 2064; Kentucky Statutes, sec. 4841; Dunlap v. Shreve, 2 Duv., 334; Chenault v. Chenault, 88 Ky., 83; Fuller v. Martin, 96 Ky., 501; Sloan v. Thornton, 102 Ky., 443.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

In November, 1888, Gallas Ruff and his daughter, Mary Baumbach, whilst driving together, collided with a train of cars, which resulted in the instant death of Mary Baumbach, and that of Gallas Ruff three days thereafter. He left surviving him a widow, Theresia Ruff, and four children, Joseph Ruff, Michael Ruff, Caroline Ruff Kienzlen, and Magdalena Ruff Schloemer; and his daughter Mary Baumbach left surviving her four infant children and her husband, the appellee George Baumbach. Shortly after the death of Gallas Ruff, his will was probated in the Jefferson county court. It reads as follows: "I, Gallas Ruff, of Louisville, Kentucky, being of sound mind and disposing memory, do hereby make, publish, and declare this to be my last will and testament: First, I direct that all my just debts and funeral expenses be paid as soon as expedient after my death by my executrix, hereinafter named. Second, I will and devise to each of my beloved children living at my death the sum of $100.00. Third. All the balance of my estate, real, personal and mixed, I will, bequeath and devise to my beloved wife, Theresia Ruff, during her life and widowhood; and after her death I devise, will, and direct that same shall be equally divided between my children then living. Fourth. I hereby nominate, constitute and appoint my beloved wife sole executrix of this, my last will and testament, as well as guardian of my children, and request and direct that no security be required of her in either capacity. In testimony whereof, witness my name. Gallas Ruff. This 15th of July, 1895." After the death of the life tenant, Theresia Ruff, the entire estate disposed of

by the will of Gallas Ruff was divided between his four
children then living, to the exclusion of the infant children
of Mary Baumbach. In October, 1898, the appellee, George
Baumbach, instituted this suit against the surviving children
of Gallas Ruff and the Fidelity Trust & Safety Vault Com-
pany, as guardian of Minnie and George Baumbach, two of
his infant children, in which he alleged that two of his chil-
dren who survived their mother had died, and that he, as
their heir at law, and the two surviving children, were en-
titled to what would have been the interest of Mary Baum-
bach in the estate of Gallas Ruff, her father, if she had
survived him. The defendants answered that by the will of
their father his entire estate at the death of the mother
belonged to his then living children, and that it had been
regularly apportioned between them under a judgment of
the Jefferson circuit court. The lower court decided that,
at the death of Mary Baumbach, her husband and children
became the owners of the share which she would have taken
in the estate of her father if she had survived him. And
from that judgment the surviving children of Gallas Ruff
have appealed.

In construing provisions of wills similar to the one in
controversy in this proceeding, this court has held in a num-
ber of opinions that they must be construed in the light
of sections 2064 and 4841 of the Kentucky Statutes, which
read as follows:

"Section 2064. When a devise is made to several as a
class, or as joint tenants, and one or more of the devisees
shall die before testator, and another or others shall survive
the testator, the share or shares of such as so die shall go to
his or their descendants, if any; if none, to the surviving
devisees, unless a different disposition is made by the de-
visor. A devise to children embraces grandchildren when

there are no children, and no other construction will give effect to the devise."

"Section 4841. If a devisee or legateè died before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised and bequeathed as the devisees or legatee would have done if he had survived the testator, unless a different disposition is made or required by the will."

It was held in Renaker v. Lemon, 62 Ky., 212, Dunlap v. Shrieve's Exr's, 63 Ky., 334, and Chenault's Guardian v. Chenault's Ex'rs, 88 Ky., 84 (10 R., 840) 11 S. W., 424, that section 4841 of the Ky. Statutes had changed the common-law rule of construction of the word 'children,' so as to embrace grandchildren, unless a different disposition was required by the will. Appellants do not controvert that such was the intention and effect of these decisions, but insist that, by the use of the words "children then living," the testator clearly intended to exclude grandchildren from any participation in his estate. The cardinal rule in the construction of wills, and to which all other rules must bend, is that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law. Before the enactment of the statutes quoted supra, the construction contended for would have followed from the plain import of the words of testator; but, as the right to dispose of property by last will and testament is a statutory one, the language of the will must be considered in connection with the statutes. In the case of Smith v. Miller's Adm'r (20 R., 910) 47 S. W., 1074, the will provided that at the death of testator's widow his estate should be equally divided among his then living children; and it was held that the testator used the term "children" in the general sense of "issue," and that there was nothing in the will

to indicate that it was his intention to exclude the descendants of any of his children from an equal division of the property devised. This case is sharply criticised in brief of counsel, but it does not stand alone, as he seems to think, but was substantially followed in the very recent case of Evans v. Henderson (24 R., 363) 68 S. W., 640. In that case the devisor gave his estate to his wife for life, and provided that at her death the property should go to his living children, share and share alike. One of the children died after the testator, but during the life tenancy of the widow, leaving children; and it was held that the language of the will was not sufficient to show an intention on the part of the testator to deprive the children of his dead son of the share which he would have inherited had he survived the widow, and that the share of the dead child passed under the will to the grandchildren of testator. It is impossible to distinguish these two cases from the one at bar. They hold that a devise to "living children or surviving children" is simply equivalent to a devise to children, that the use of the word "living" by the testator does not manifest an intention to exclude the descendants of those who may be dead, and that they are entitled to stand in the shoes of their ancestor in the division of the estate.

For reasons indicated, the judgment is affirmed.

Petition for rehearing by appellant overruled.