CASE 103.—ACTION BETWEEN DAVID HOWARD AND OTHERS AND JANE COLE AND OTHERS FOR A CONSTRUCTION OF THE WILL OF W. H. COLE, DECEASED.—March 5. .

## Howard, &c., v. Cole, &c.

Appeal from Mason Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From the judgment Howard, &c., appeal.—Reversed.

1. Wills—Construction—Disposition of Entire Estate.—Where a will is susceptible of two constructions the law will place on it that construction which disposes of the entire estate of the testator.

2. Same—Giving Effect to Whole Will.—To arrive at the intention of a testator his entire will must be taken into consideration, and each clause thereof must be read in connection with the others.

3. Same—Estates Acquired—Life Estate.—A testator directed that his personalty should be sold to pay debts, declared that if the same was insufficient therefor the executrix should sell described real estate, and gave to his wife "during her natural life" all his real and personal etsate "to own and do with as she pleases," and appointed her executrix. Held that, reading the quoted phrases together in connection with the direction of the executrix to sell certain real estate, the wife acquired only a life estate, with the remainder undisposed of.

Howard, &c., v. Cole, &c.

HOLMES & ROSS, attorneys for appellants.

J. H. MINOGUE of counsel.

1. It is well settled that in interpreting wills the cardinal principal is to arrive at and carry out the intention of the testator if it be lawful, and that the intention of the testator must be gathered from a consideration of the whole will together, giving to each part or clause due weight as expressing some idea of the testator in the disposition of his property.

2. We construe the phrase, "to own and do with as she pleases," with reference to the express interest for life previously given to Jennie or Jane Cole, that she is to have as full, free and absolute ownership and use of said property as a tenant for life can have.

3. We submit that a man may, by his last will and testatment, give to his wife or other person, a life estate in his realty and personalty without in said will disposing of the remainder interest, and that if he does create a life estate in the property left by him, and does not dispose of the remainder interest, that said remainder interest passes and descends to his lawful heirs; and we further submit that a will giving all the testator's estate to his wife, "for and during her natural life," gives her only a life estate therein, though it makes no other disposition of the said estate, and the remainder will descend to his legal heirs.

### AUTHORITIES CITED.

Bedford, et al., v. Bedford's Adm'r, 99 Ky., 284; Loeb v. Struck, 19 Ky. Law Rep., 935; Daniel R. Brant v. The Virginia Coal and Iron Company and Jane Sinclair, 93 U. S. Supreme Court Rep. (L. Ed., 927.)

C. D. NEWELL, counsel for appellee.

C. B. TAYLOR of counsel.

1. The intention of testator as revealed by his environment and the common use meaning of the words employed:— The language used in the devise to his wife was not technical, save as to the phrase "during her natural life." It is upon a technical construction of this phrase, rather than a common conception of its meaning as revealed in the context in which the phrase is used, that appellants base their whole contention in this matter. This phrase read in a common and not professional sense, and in connection with the rest of the language in the same sentence,

the whole seems to declare the purpose of testator to be that his wife was not only to have all his property, but that it was to be her's as long as she lived, and in the lay sense she could not hold it any longer—to own and do as she pleased with it.

2. The intention of testator as interpreted by the rule followed in Kentucky concerning the vesting of estates:—

Appellee contends that the will in controversy in its entirety—whether read in the light of the environment of testator at time it was made and in the common acceptation of the language used therein, or it be put to the test of the rules of legal construction duly considering that it provides no remainder over, and that the law presumes that testator intended to devise his whole estate, and further, in view of the settled policy in Kentucky, that in case of doubt, uncertainty or seeming conflict, the law favors the vesting of an absolute rather than a life estate—gives to appellee the absolute estate in both realty and personalty.

### CITATIONS.

Bedford, et al., v. Bedford's Adm'r, 99 Ky., 284; Loeb v. Struck, 19 Ky. Law Rep., 935; Brant v. Virginia Coal & Iron Co., &c., U. S. Supreme Court Rep., L. Ed., 927; Page Wills, sec. 560; King v. Ackerman, U. S. Supreme Court Rep., L. C. P. Ed., B. 17, p. 297; Kentucky Statutes sec. 2342; Jackman, &c., v. Jackman, 24 Ky. Law Rep., 2245; Dills v. Adams, &c., 19 Ky. Law Rep., 1169; Constantine v. Moore &c., 23 Ky. Law Rep., 369; Smith v. Smith & Co., 24 Ky. Law Rep., 1964; Miller v. Tilton, 20 Ky. Law Rep., 1676; Page on Wills, sec. 562.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

W. H. Cole died testate, a resident of Mason county, and a question arising as to the interest which his wife, Jane Cole, took in his estate under his will, suit was filed in the Mason circuit court for a construction of the will and a determination of the rights of Jane Cole, widow of the deceased, thereunder. The will, omitting the formal portions thereof, is as follows: "First. It is my will and desire that so much of my personal property, preferring that which is perishable, as may be necessary, be sold

immediately after my decease, and the proceeds thereof applied to the payment of all· my just debts and funeral expenses. Should my personal property not be sufficient for that purpose, then I authorize my executrix hereinafter named to sell and convey my dwelling house and lot in Mayslick and my wagon shop and lot in said town, and out of the proceeds thereof, pay and satisfy such of my just debts as may remain unpaid. Second. After the payment of my debts and funeral expenses as above provided for I give and bequeath to my wife, Jennie Cole, during her natural life all my real and personal estate of every kind and description to own and do with as she pleases. And, lastly, I do hereby constitute my wife, Jennie Cole, executrix of this my last will and testament, without security," etc. W. H. Cole left no children. His nearest of kin are his half-brothers and sisters. It is the contention of these relatives that, under the will, Jane Cole, designated in the will as Jennie Cole, takes only a life estate in the property, with a right to use this life estate as she pleases, and that at her death it passes, by the laws of descent, as undevised estate, to his heirs at law, to-wit, the plaintiffs and the defendant Chris A. Howard. On the other hand, it is the contention of the widow and executrix that under the will of her husband she is the absolute owner in fee of all the estate left by him, after the payment of his debts as provided for in his will. The pleadings disclose the fact that the real estate left by decedent is of the value of probably $2,500. Where a will is susceptible of two constructions, it is the policy of the law to place upon it that construction which disposes of the entire estate. The rule is thus stated in Page on Wills, section 466: "Under ordinary circumstances a man makes a will to dispose of his entire estate, or, at least, of his estate

as it exists at the time he makes the will. If, there-
fore, a will is susceptible of two constructions, by one
of which the testator disposes of the whole of his
estate, and by the other of which he dies intestate as
to the remainder, the courts will prefer the construc-
tion by which the whole of testator's estate is disposed
of, if this construction is reasonable and consistent
with the general scope and provisions of the will."
This rule has been adopted and followed in the con-
struction of wills by courts of last resort in most of
the States, and is the rule in this State.  But it is
equally true that, where the testator has not disposed
of his entire estate by will, courts cannot and should
not, under the guise of construction, make a new or
corrected will for the testator in order to pass such
property so undisposed of by him.  The real question
in each case is not, "What did the testator mean or
intend to say?" but, "What is meant by what he
said?"  Courts may frequently be of opinion that he
did not intend to say what he did say, but they are
not thereby authorized to give to the will any construc-
tion other than that which is justified by a fair inter-
pretation of the wording and language of the will
itself.  In Bingel v. Volz (Ill.), 31 N. E. 13, 16 L. R.
A. 321, 34 Am. St. Rep. 64, the court said: "The
purpose of construction, as applied to wills, is unques-
tionably to arrive, if possible, at the intention of the
testator, but the intention to be sought for is not that
which existed in the mind of the testator, but that
which is expressed in the language of the will."
In order to arrive at the intention of the testator,
the entire will must be taken into consideration.
Each part or clause thereof must be read in connec-
tion with the other parts; as said in the case of
Bedford, etc., v. Bedford, 99 Ky. 284, 35 S. W. 929,
18 Ky. Law Rep. 193: "The intention of the testator,

as gathered from his entire will, must prevail, if not opposed to some positive provision of the law, or some general principle of public policy."

Applying these well-established rules of construction to the will before us, what estate did the testator give to his wife? In the first clause thereof he directs the payment of his debts and funeral expenses, and he gives explicit directions as to the manner in which the executrix shall proceed: First, that the perishable personal property shall be sold and the proceeds applied to the discharge of his debts, and in the event that a sufficient sum of money is not realized by this sale, then the executrix is directed to sell certain real estate in the town of Mayslick. In the second clause of the will the rest and residue of the estate is given to his wife during her natural life, and if the will stopped with these words, there would be no question whatever but that the testator intended his wife to take the life estate only, but the gift and bequest to his wife "for and during her natural life," is qualified by the phrase, "to own and do with as she pleases." This last phrase, in the absence of any devise to her for life, and in the absence of any other qualifying clause, would give to the wife the personalty remaining unused in the satisfaction of debts, absolutely, and the fee simple to the real estate. But the second clause of the will must be read in connection with the first clause. In the first clause we find that the executrix is empowered to sell certain real estate in the event that it should become necessary to do so to pay his debts. A fair interpretation of this clause of the will is that the executrix is not empowered or authorized to sell any real estate whatever, except it should become necessary to do so for the payment of his debts. This construction placed upon the first clause

must be carried over into and read as and made a part of the second clause of the will, and, read together, then the entire will provides as follows: "After my death I direct the payment of my debts and funeral expenses. I give all of my property of every kind and description to my wife, Jennie Cole, to own and do with as she pleases, and I direct her in the event that there is not enough money realized out of my personal estate to satisfy my debts and funeral expenses, to sell my Mayslick real estate to satisfy the balance of my debts that may remain unpaid." This is the only construction that can be placed upon the will that will give any force and effect to that clause thereof which directs a sale of particular real estate for a particular purpose. Appellees rely upon the case of Dills v. Adams, etc., 43 S. W. 680, 19 Ky. Law Rep. 1169, in which case this court, in construing this language of the will of John Dills, to-wit, "After all my just debts are paid I will all my real estate consisting of lands, lots, and all my personal assets to my beloved wife Anna Dills, which is to include dues of every kind and all my personal property of every kind, live stock, household furniture, books, etc., and to have and to hold ———— her natural life for her support and maintenance, and to be disposed of at her pleasure," said: "Looking to the intention of the testator and plan adopted for disposing of his estate, it is plain that the wife is entitled to the absolute fee in all the lands other than the particular tracts excepted." It will be observed that there is a marked difference between the provisions of the will in the case before us and the provision of the Dills will, for in the Dills will the wife is given authority "to dispose of all the property at her pleasure." And she is not directed to sell any particular part thereof for any particular purpose. Appellees also cite the case of

Constantine v. Moore, etc., 62 S. W. 1016, 23 Ky. Law Rep. 369, but this case is not applicable, for in the Constantine will express power is given to the wife to dispose of the property at her death, which clause, of itself, shows conclusively that the testator intended her to have the fee, although it was recited in another part of the will that she was to control the estate during her lifetime.   Appellees further rely upon the case of Smith v. Smith, 72 S. W. 766, 24 Ky. Law Rep. 1964, but in the Smith will there is this recitation: "I give to my wife, M. E. Smith, all of my estate which I now own or may acquire, in fee simple, to hold and possess during her natural life."   The court very properly held that the wife took the fee. The plain wording of the will is that she shall take the fee, and the clause that she was to take a life estate, when read in connection with the other clause that she was given the fee-simple title, must give way, and that construction which the court placed upon this will was proper and warranted by the facts. Thus it will be seen that in each of the cases relied upon by appellees to support their contention there was some qualifying clause in the will, such as the statement that it was given in fee simple, or that the wife was given power to dispose of it at her death, or that she was given the right to dispose of it at her pleasure during life, which warranted the conclusion reached by this court in those particular cases that the widow took a fee simple title under the will of her husband, although each of those wills contained the phrase "to have during her natural life."   Appellees have cited no case, nor have we been able to find one, in which this court was ever called upon to construe a will with provisions exactly similar to the one before us.   We are therefore limited to the rules laid down in the text-books, and as adopted by courts of last resort,

for the construction of wills; that is to say, the will must be constructed as a whole, and the usual, customary, and accepted meaning given to the words and language thereof; bearing in mind that where it can be done, that construction should be placed upon it which would dispose of the entire estate.

Adopting this rule, we are of opinion that the widow, Jane Cole, took only a life estate in the realty left by her husband. This construction is supported by the case of Brant v. Virginia Coal & Iron Company, 93 U. S. 327, 23 L. Ed. 927, in which the following language in the will of Robert Sinclair, was under consideration: "I give and bequeath to my beloved wife, Nancy Sinclair, all of my estate, both real and personal; that is to say, all of my lands, cattle, horses, sheep, farming utensils, household and kitchen furniture, with everything that I possess, to have and to hold during her life and to do with as she sees proper before her death." The complainant in that suit contended that the widow took only a life estate in the property, whereas it was contended for the widow that she took the absolute fee, and the court said: "We are of the opinion that the position taken by the complainant is the correct one; the interest conveyed by the devise to the widow was only a life estate; and the accompanying words, 'to do with as she sees proper before her death,' only confer power to deal with the property in such manner as she might choose consistently with that estate, and perhaps without liability for waste committed. These words used in connection with a conveyance of a leasehold estate would never be understood as conferring a power to sell the property so as to pass a greater estate. Whatever power of disposal the words confer is limited by the estate with which they are connected." And in that same case the court quoted with approval the

case of Bradley v. Westcott, 13 Vesey, 445, in the following language: "In the case of Bradley v. Westcott, reported in 13 Vesey, 445, the testator gave all his personal estate to his wife for her sole use for life, to be at her full, free, and absolute disposal during life, and the court held that as the testator had given in express terms an interest for life, ambiguous words afterwards thrown in could not extend that interest to the absolute property. 'He must construe,' said the master of rolls, 'the subsequent words with reference to the express interest for life previously given, that she is to have as full, free, and absolute disposition as a tenant for life can have.' "

Under a fair and reasonable construction, therefore, of the will before us, the wife, Jane Cole, or Jennie Cole, as she is called in the will, takes an estate for life in all of the property which passed under the will of her husband to her, and she is to have as full and free use of said property as a tenant for life can have. Full force and effect must be given to the phrase, "for and during her natural life." The testator means something by the use of this phrase. It is true that it is qualified by the further phrase, "to own and do with as she pleases," but when the two are read together, and especially in connection with paragraph 1 of the will, the purpose of the testator is plain. He intended to give to his wife the free use and enjoyment of all his estate during her life, and while this construction of the will before us leaves the remainder or fee of this estate undisposed of, still, it is not the province of the court to dispose of it for him, nor is it the policy of the law that this should be done.

Judgment is reversed, and cause remanded, with instructions to the trial court to enter a judgment giving the wife, Jane Cole, a life estate in all of the real estate left by her husband.

Petition by appellants for modification of opinion, and by appellees for a rehearing, both overruled.