## Goodloe's Executor, et al. v. Asa Fuller, et al.

## Durrett v. Asa Fuller and Kemp Fuller.

(Decided March 10, 1925.)

### Appeals from Jefferson Circuit Court (Chancery Branch, First Division).

1. Wills—Ascertainment of Testator's Intention is Cardinal Rule in Construing Will.—Ascertainment of testator's intention is cardinal rule in construing will.

2. Wills—Heirs Take Unless Disinherited by Express Words or by Necessary Implication.—Heirs take unless disinherited by express words or by necessary implication.

3. Wills—Codicil Revoking Devise in Will Leaves Latter as though Devise had Never been Made.—Codicil revoking devise in will leaves latter as though devise had never been made.

4. Wills—Each Will to be Read According to its Own Terms in Light of Circumstances of Testator.—Every will must be read according to its own terms in the light of circumstances of the testator, and very slight differences in words will make a different result.

5. Wills—Testatrix Held Not to have Died Intestate as to Devise to Devisee Subsequently Dying, in View of Codicil.—Where testatrix's will provided that remainder of estate not devised "I desire to be equally divided between my three children, T., A., and K.," with a provision for issue of each devisee in case of his prior death, and a second codicil, made after T.'s death, revoked will and codicil, "in so far as the family of my son T. is concerned, as they are otherwise well provided for," held testator did not die intestate as to devise to T., but the estate passed to the surviving devisee, in view of Ky. Stats., section 2064, last clause.

EDW. J. McDERMOTT for appellants.

BARRET & NETTELROTH, LOUIS NEWMAN and BOOTH, McDOWELL & CONNER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing on the first appeal and affirming on the second.

These two appeals on the same record will be disposed of in one opinion.

Mrs. Mary L. Goodloe had four children. Her daughter, Caroline Fuller, died prior to the year 1907, leaving two little boys and her husband. The husband was a distinguished consulting engineer and a man of wealth. Mrs. Goodloe left her home in Louisville after

the death of her daughter, Caroline, and lived with her son-in-law to help him in the rearing of the boys. After this on January 4, 1911, she wrote her will, which, so far as is material, is in these words:

"2.   I give to Asa and Kemp Fuller, children of my deceased daughter Caroline, the sum of one thousand dollars each, purely as an evidence of my affection.

"3.   I give to Tevis Goodloe one thousand dollars, because of expenses he incurred for house at 3rd & Ky. Sts. during my absence in Europe in 1906, and the fact that he has not for years received any benefit from his interest in the house at 3rd & Kentucky Sts.

"4.   The amount advanced by me to my son, Kemp Goodloe, in July, 1903, of eighteen hundred ($1,800.00) dollars, is to be returned by him to my estate.

"5.   All the remainder of my estate I desire to be equally divided between my three children, Tevis, Abbie and Kemp.

"6.   Should any of my children die leaving issue surviving, such issue shall take the share of the estate that the parent would have taken if living."

On the same day she wrote a codicil to her will, which is not material. After this her son Tevis died, leaving a widow and one daughter. The daughter married R. T. Durrett, a wealthy man of Louisville. Her other two children, Kemp Goodloe and Miss Abbie Goodloe, were in moderate circumstances. Under these conditions on September 6, 1922, Mrs. Goodloe made the following codicil to her will:

"As a codicil to my will and codicil, I now make and declare this as a further codicil. Since writing my will and codicil my son Tevis has passed away. I therefore revoke my will and codicil in so far as the family of my son Tevis is concerned, as they are otherwise well provided for, and this is in nowise for a lack of affection. All charges of advancements or debts due by any of my children to me or my estate are forgiven and to be held for naught."

The question presented for determination is the effect of the codicil. The circuit court held that

she died intestate as to the one-third of her residuary estate devised by the original will to her son Tevis, also the $1,000.00 devised by the third clause to him, and that this part of the estate, being undevised, should be equally divided, one-half to Mrs. Durrett and one-half to Asa and Kemp Fuller. From this judgment the executor, Kemp Goodloe, and Miss Abbie Goodloe appeal. Mrs. Durrett appeals from so much of the judgment as gives the Fullers one-half of the thousand dollars devised to Tevis Goodloe.

In Weedon v. Power, 202 Ky. 545, this court thus stated the rule as to the construction of wills:

"In approaching, the question we are met at the threshold with the universally applied rule that, in the interpretation of wills, the intention of the testator, as expressed by the language employed, is the one to be followed by the court, and in arriving at his intention, under that rule, all parts of the will should be considered, and the intention to be gathered from that broad survey is the one to be administered. That rule has so often been reiterated by this and other courts as to require no citation of authorities for its support. It has likewise been equally as often said that other acknowledged rules are subsidiary to the one mentioned, are employed in furtherance of it, and are therefore regarded as but aids and assistants to arrive at the chief purpose, that of arriving at the intention of the testator."

It will be observed that by her original will the testatrix disposed of all her estate. That instrument shows a clear intention not to leave any part of the estate undevised. What was the purpose of the codicil? The plain purpose was to revoke the devises to the son Tevis "in so far as the family of my son Tevis is concerned, as they are otherwise well provided for." The reason given for the codicil is to be read in determining its effect. The testatrix had disposed of her whole estate by her will, leaving a certain part to her son Tevis. By the codicil she revoked the devise to her son Tevis for the reason that he was dead and his family well provided for. Plainly she did not intend by this codicil to increase what the two Fullers were to get under the will; she intended no change in the disposition of her estate so far as they were concerned. The codicil and the will are to be read as one instrument. The plain meaning, read together, is

that the family of Tevis are to get no part of the estate, and this being true the whole estate must go under the residuary clause to Miss Abbie and Kemp Goodloe.

Mere negative words are not sufficient to exclude the heir. The heir takes, unless disinherited by express words or by necessary implication. But the inplication here is so inevitable that an intention to the contrary cannot be supposed. Clarkson v. Clarkson, 8 Bush 655. The codicil shows on its face that there was but one reason for making it. The only reason was that the family of Tevis were well provided for. A codicil revoking a devise in a will leaves the will as though that devise had never been made or had been omitted from the will. The residuary clause of this will does not leave one-third of the estate to Tevis, one-third to Abbie and one-third to Kemp, but it leaves the whole of the residuum of the estate to them as a class, and when Tevis is taken out of the class the result is the same as if his name had not been written in it. To give the codicil any other interpretation would plainly defeat the intention of the testatrix in making it. Giddings v. Giddings, 65 Conn. 149; Heartt v. Livingston, 14 Hun. 285.

There are a number of cases holding otherwise. Brownell v. DeWolf, 3 Mason 486; Ford v. Ford, 31 Tenn. 431; Smith v. Haynes, 111 Mass. 346; Mason v Trustees, 27 N. J. Eq. 47; Cresswell v. Cheslyn, 2 Eden 123; Richardson v. Burns, 142 Ga. 779. But every will must be read according to its own terms in the light of the circumstances of the testator, and very slight differences in words may make a different result. For after all the purpose of construction is to carry out the intention of the testator. Section 2064, Kentucky Statutes, is in these words:

> "When a devise is made to several as a class or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor."

A different disposition is made here by the devisor. By the codicil it is expressly provided that the share of Tevis, who is dead, shall not go to his descendants. It therefore must pass to the surviving devisees. If the codi-.

cil had not been made the share of the residuary estate given under the will to Tevis would have passed under the statute to his daughter, Mrs. Durrett. To prevent this the codicil was added. To hold that notwithstanding the codicil one-half of it goes to her is to defeat the only reason for the making of the codicil and to give no proper effect to the statute where a different disposition is made by the devisor.

The conclusion we have reached is not in conflict with Todd v. Gentry, 109 Ky. 704; Walters v. Neafus, 136 Ky. 756, or Duff v. Duff, 146 Ky. 201. In none of those cases was the implication of an intention to dispose of the whole estate so inevitable that an intention to the contrary cannot be supposed. The whole of the estate here is devised and the persons who are to take under the residuary clause are indicated with certainty. To refuse to carry out the testatrix's plain intention would be to exalt form above substance.

The judgment of the circuit court on the first appeal is, therefore, reversed and cause remanded with directions to enter judgment as above indicated. On the appeal of Mrs. Durrett the judgment is affirmed, as she was not prejudiced thereby.