## Hodge v. Lovell's Trustee et al.

(Decided Jan. 14, 1936.)

510

ROUSE & PRICE for appellant.

HUNT & BUSH for appellee trustee.

PECK, SHAFFER & WILLIAMS for appellee Marion Short.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Howard L. Lovell died testate in 1900, a resident of Kenton county, Ky., and his will was duly probated. He left surviving him Emma H. Lovell, his widow, and three daughters, viz., Mary L. Sayre, Fannie B. Lovell, and Virginia L. Hodge. Emma H. Lovell died in 1906, and Fannie B. Lovell died in 1924 without issue, having never been married, and that part of the testator's estate devised to her vested in her surviving sisters. Mary L. Sayre died in 1935. She was married to J. W. Sayre and had two children, both of whom predeceased her, one having died in 1918 without issue, and the other, Wilhelmeia Sayre, who was married to W. A. Dudley Short, died in 1916, survived by her husband, who died in 1917, and by her son, Marion L. L. Short, her only child.

Howell L. Lovell by his will created trusts for the benefits of his widow and his three daughters named above. The Security Trust Company of Lexington, Ky., qualified as trustee and is now acting as such. Upon the death of the widow, the corpus of the trust estate for her benefit was, in accordance with the provisions of the trust, turned over to the trustee for the three daughters to be administered in accordance with the provisions of the will. The trust estate was divided into three parts, and a separate trust was set up for each of the three daughters.

It does not become necessary to discuss the will in its entirety but only such portions thereof as are herein in controversy. After making provisions for the widow, item 10 of the will is in part as follows:

"Tenth: Subject to the Life Estate of my said

wife, in the personal property hereinbefore direct-- ed to be selected, set apart and held for her during her natural life and her right to enjoy the income therefrom as aforesaid during her natural life, I give, bequeath and devise said personal property so directed to be set apart to provide an income for my said wife during her natural life and all the rest of my residue of my real and personal property of every kind wherever the same may be as follows: viz: To each of my three daughters, Mary L. Sayre, wife of J. W. Sayre, Fannie B. Lovell, and Virginia L. Hodge, wife of John T. Hodge, one equal one-third part thereof for and during her natural life, subject however, to the terms, considerations, limitations and restrictions hereinafter contained and mentioned, as a part of her equal one-third part of my estate, for her natural life. * * *"

After naming the specific property devised, then follows that portion of the will, the construction of which is determinative of the issue before us on this appeal, which reads as follows:

"* * * Upon the death of each of my daughters the remainder of that portion of my estate bequeathed and devised to her for and during her natural life, shall go to the children the issue of her body, whom she may leave to survive her provided however, if any one of my said daughters, should die not leaving children, the issue of her body to survive her, or if the children who she may leave to survive her should all die before attaining the age of twenty-one years not leaving children, the issue of their body, to survive them, and in either of those events the remainder of that portion of my estate bequeathed to each of my daughters for and during her natural, life, shall go to my other children in equal proportions; or if any one or more of them, be then dead leaving children the issue of the body of the one so deceased shall take the share that would otherwise have gone to their deceased parent or ancestor; but the interest which any one of my daughters may take or obtain in my Estate, by from or through another of my daughters, who may die, without leaving issue to survive her or by from or through my deceased daugh--

ters children in case they should all die before attaining the age of twenty-one years without leaving children the issue of their bodies, to survive them, shall be an estate for and during the life only of said surviving daughter or daughters with remainder over as hereinbefore provided in the case of the other estate bequeathed and devised to her subject to all the provisions, terms, conditions and limitations herein imposed and of the trust herein created, and provided for with reference to the estate bequeathed and devised to my said daughters, for and during their natural lives.''

A controversy arose between the parties respecting that portion of the testator's estate devised to Mary L. Sayre, that is, whether upon her death, under the provisions of the will, it vested in her sister, Virginia L. Hodge, who was the only surviving daughter of the testator, or vested in the appellee, Marion L. L. Short, the surviving child of Wilhelmeia Sayre, the daughter of Mary L. Sayre. Thereupon this action was brought in the Kenton circuit court by Virginia L. Hodge under the Declaratory Judgment Law of Kentucky for a declaration of rights under the will. A judgment was rendered by the circuit court adjudging that the estate devised to Mary L. Sayre for life under the will of the testator passed thereunder to, and vested in, Marion L. L. Short, the grandchild of Mary L. Sayre, and to reverse that judgment Virginia L. Hodge has prosecuted this appeal.

The specific question presented is the construction of that sentence or clause of the will which reads:

''* * * Or if any one or more of them (daughters) be then dead, leaving children to survive him or her then the child or children the issue of the body of the one so deceased shall take the share that would otherwise have gone to their deceased parent or ancestor. * * *''

It is insisted for the appellant that the words ''child or children,'' being followed by the words ''issue of the body of the one so deceased,'' manifest the intention of the testator to limit the estate to his daughters and their immediate children to the exclusion of their grandchildren. On the other hand, the argument for appellees is that the language was used in its broader sense so as to include grandchildren.

It is also insisted for appellees that, if only immediate children had been meant by the will, the word "ancestor" following the word "parent" would not have been used. Ordinarily the word "parent" implies immediate parent, father or mother, while the word "cestor" includes remote ancestors as well as immediate ones; hence a broader term than "parent" unless the word "parent" is used in a manner or under circumstances so as to indicate the intention of the testator to include grandparent. Thus it will be seen that, if the words "child or children" were intended to embrace grandchildren, the conclusion is logical that the words "parent" or "ancestor" embrace grandparent as well as the immediate parent. Therefore the construction of the will does not depend upon the interpretation of the word "ancestor" alone. The solution of the question depends upon the interpretation of the words "child or children," and, to ascertain the intention of the testator, the context of the will as a whole must be taken into consideration. Goosling et al. v. Pinson et al., 198 Ky. 57, 248 S. W. 248; Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90, 93, and cases therein cited.

Under numerous decisions of this court and courts of other jurisdictions, the words "child" or "children" are construed to include grandchildren and not limited to their restrictive meaning (1) when it appears that the testator intended the words "child" or "children" to include grandchildren; (2) when the provisions of the testator's will would be inoperative or ineffectual without such construction; and (3) when the statutory law of the state requires such construction.

In Tucker v. Tucker, 259 Ky. 361, 82 S. W. (2d) 458, the testatrix devised real estate to her daughter for life, remainder to any child or children living at the time of the daughter's death. The daughter had two sons, one of whom survived her, and the other predeceased her, leaving a grandson surviving. A controversy arose between the surviving son and the grandson, the son contending that he was vested with the whole of his moher's share of the estate under the will, and the grandson contending that he was vested with the share of the estate his father would have taken had he survived his mother. That clause of the will under which the controversy arose reads as follows:

"At the death of my said daughter, it is my desire and I hereby will that the property devised to her as above shall descend absolutely to any child or children she may leave living at the time of her death, but if my said daughter should die leaving no bodily heir or heirs, then and in that event, it is my will and I hereby direct that upon her death all of the property bequeathed to her shall descend and be divided equally between my brothers and sisters. In case of the death of either of my brothers or sisters, I desire that the portion going to same, shall be given to their bodily heirs equally."

The language of the will in the present case and the Tucker Case, supra, is of like import and meaning. In the present case the verbiage is "the issue of the body" and in the Tucker Case "their bodily heirs." We are unable to see any distinction in the language used in the respective wills, for the words "bodily heirs" and "issue of her body" evidently mean the same. In the Tucker Case we held that it was the intention of the testatrix that the words "child" or "children" include grandchildren. The rule of construction of wills is stated in Schouler on Wills (6th Ed.) sec. 973, to the effect that there is a presumption that a gift to the children of a person means, presumably, one's immediate offspring, but states the exception to the rule in the following language:

"Such rules are but presumptive, however, and they yield, of course, to a contrary intention as gathered from the context; as where, for instance, such explanatory words as 'legal heirs' or 'who may be surviving heirs of the body' are added or interchanged, so that effect is best given to the whole disposition by supposing 'children' synonymous with issue of descendents in general."

See, also, to the same effect, Phillips' Devisees v. Beall, 9 Dana, 1, 2, 33 Am. Dec. 518; Yeates v. Gill, 9 B. Mon. 203; Hughes v. Hughes, 12 B. Mon. 115.

At common law the import of the term "children" used as descriptive of persons to take under a will could be enlarged so as to embrace grandchildren (1) from necessity, where the will would be otherwise inoperative, and (2) where the context of the instrument as a whole indicated that the testator did not intend

to use the term "children" in its restricted meaning but in a broader sense, and this rule of construction prevailed in this state previous to statutory regulation on this subject. Kentucky Statutes, secs. 2064, 4841, and 463.

Section 2064 of the Statute provides that "a devise to children embraces grand children when there are no children, and no other construction will give effect to the devise;" and section 4841 provides that "if a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will."

This section of the statutes was construed in the case of Cherry v. Mitchell, 108 Ky. 1, 55 S. W. 689, 21 Ky. Law Rep. 1547, wherein it was held that a child of a daughter of a testator who died before the testator took the share which the mother would have taken as a devisee if she had survived the testator. The court also referred to Kentucky Statutes, sec. 463, providing that "the word 'issue' * * * shall be construed to include all the lawful lineal descendants of the ancestor," was intended to embrace in the word "issue" all persons who might lawfully inherit the estate. See, also to the same effect Roy v. West, 194 Ky. 96, 238 S. W. 167; Carter v. Carter, 208 Ky. 291, 270 S. W. 760; Willis v. Lapsley, 240 Ky. 829, 43 S. W. (2d) 47. And in the case of Ruff v. Baumbach, 114 Ky. 336, 70 S. W. 828, 24 Ky. Law Rep. 1167, it is pointed out that, as the right to dispose of property by last will and testament is a statutory one, the language of the will must be considered in connection with the Statutes.

Another cardinal rule of construction is that the law favors testacy over intestacy. If the construction insisted for appellant were applied, intestacy would occur in the event that the three daughters should be predeceased by their children but survived by grandchildren. It is obvious from the context of the will as a whole that the testator meant to dispose of his entire estate. Where a will is susceptible of two constructions, it is the policy of the law to apply that construction which disposes of the entire estate. Howard v. Cole, 124 Ky. 812, 100 S. W. 225, 30 Ky. Law Rep.

1027; Anderson v. Simpson, 214 Ky. 375, 283 S. W. 941; Barnes v. Graves, 259 Ky. 180, 82 S. W. (2d) 297.

Another well-established rule of construction is that an heir can be disinherited only by expressed words or by clear and necessary implication. Goodloe's Ex'r v. Fuller, 207 Ky. 765, 270 S. W. 23; McIlvaine v. Robson, 161 Ky. 616, 171 S. W. 413.

The construction contended for by appellant would result in a disinheritance of the appellee Marion L. L. Short, the grandson, which construction would be contrary to a fair and logical construction of the will, nothing appearing therein either expressly or impliedly indicating that such was the intention of the testator. We are constrained to the conclusion that appellee Short is vested with that portion of the estate his mother would have taken had she survived her mother, Mrs. Sayre.

The judgment of the chancellor being in harmony with our views, it is affirmed.