**CASEY et al. v. KELLEY et al.**

No. 14662.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 19, 1945.

Rehearing Denied Feb. 23, 1945.

Jennings C. Brown and Nolen L. Sewell, both of Decatur, for appellants.

H. G. Woodruff and C. T. Gettys, both of Decatur, for appellees.

SPEER, Justice.

Joe W. Casey and twenty-one others, as plaintiffs, sued Earl Kelley and eight others, as defendants, for partition of 576 acres of land, and as against one of the defendants, J. H. Nix, as executor of the estate of Mary Casey, deceased, under her will, for an accounting of personal property amounting to $12,000, alleged to have been converted by Mary Casey, during her lifetime.

Parties will be referred to as plaintiffs and defendants as they were designated in the trial court. Trial was to the court without a jury; judgment was entered against plaintiffs, and they have appealed. The record is before us on a stipulation of facts.

Prior to 1925 W. H. Casey and Mary Casey were husband and wife. Both had died prior to the trial of the case. All property in controversy was accumulated by W. H. Casey and his wife, Mary Casey, during their coverture and was community property. Neither owned any separate property; they had no children born to them, and no child was ever adopted by them.

W. H. Casey died in 1925 and left a will, which, omitting caption, signature, and attest by witness, reads: "It is my will that

my dear wife, Mary (Josie) Casey, have all of my property both real and personal of whatsoever and wheresoever kind during her natural life and that she be appointed executrix without bond."

The above will was duly probated early in 1926, and Mary Casey took charge of or remained in possession of the entire community estate. During her lifetime Mary Casey sold and conveyed some of the lands to certain of the named defendants, and appropriated to her own use parts of the personal property consisting of money and securities. Mary Casey died in 1942 leaving a valid will which was duly probated. By the terms of her will she devised all of the lands here involved which had not been sold by her and all of the personal property of the community estate to certain of the defendants.

The plaintiffs are the nearest of kin, by consanguinity, to W. H. Casey, deceased. (Their precise relationship is not disclosed, but we think this immaterial.)

Plaintiffs rest their suit upon the proposition that the will of W. H. Casey created a life estate only in Mary Casey, without a disposition of the remainder being disposed of, and therefore died intestate as to such remainder, and that they being the next of kin to W. H. Casey, deceased, inherited under the laws of descent and distribution, the remainder estate after the life estate devised to Mary Casey terminated at her death.

Defendants, including the executor J. H. Nix, contend that it is true the will of W. H. Casey devised only a life estate, and that he died intestate as to the remainder over, yet Mary Casey being the surviving wife, and there being no children or their descendants, she inherited, under the laws of descent and distribution, the remainder of the community estate not disposed of by the will, at the death of W. H. Casey.

Trial court found with the contentions of defendants and denied plaintiffs any recovery. Hence this appeal by plaintiffs.

■ We think the judgment entered was a correct one and shall demonstrate why we have reached this conclusion.

We have not been cited to any decision by the courts upon the identical question involved, nor have we found such.

Under the provisions of Article 2578, R.C.S., upon dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife goes to the survivor, if as in the instant case, there be no child or children of the deceased or their descendants.

Article 3314 provides, in effect, that if a person dies, leaving a lawful will, all property so devised shall vest immediately in his devisees; "and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law." There are other provisions in the article relating to the property remaining liable for the debts of the deceased, but these matters are not material here.

■ It will be observed that whether property passes under a will or by descent and distribution, the title vests immediately upon the death of the owner; there is never a time when the title is not vested in somebody. The cardinal rule in the interpretation of wills is that the intention of the testator is to be ascertained, if possible, by the language of the whole will. It is also true that a presumption prevails that a testator intends to dispose of the whole estate; Sanger v. Butler, 45 Tex.Civ.App. 527, 101 S.W. 459, 461, writ refused. But the same authority lays down the universal rule to the effect that the intention of the testator, as expressed in the will, must prevail. No presumption will supplant plain and unambiguous language; the parties here have stipulated that only a life estate in Mary Casey was created by the will and that testator died intestate as to the remainder. It is held in Hagood v. Hagood, Tex.Civ.App., 186 S.W. 220, writ refused, that a person may die testate as to part of his estate and intestate as to other parts.

Under the provisions of Art. 3314, supra, a rule of law is announced in Hagood v. Hagood, supra, and Munger v. Munger, Tex. Civ.App., 298 S.W. 470, writ refused, that the portion of the estate of W. H. Casey which he did not dispose of by his will vested at his death in his heirs, meaning of course those entitled thereto under the laws of descent and distribution. This appears to be the contention of all parties here, but they differ as to who were "his heirs."

In this case, if there had been no will at the death of W. H. Casey, his interest in the community estate would have vested absolutely in his surviving wife, Mary Casey, under Article 2578, supra. It is stipulated that he left a valid will in the language above quoted. It is obvious that his will did not dispose of his entire community estate, since he died intestate as to part of it,

i. e., the remainder over after the life estate terminated. That part not disposed of vested immediately upon his death in "his heirs at law." This means that it vested in the person or persons entitled thereto under the laws of descent and distribution. Clearly in the absence of children or their descendants, Mary Casey, his surviving wife, was such person, thus entitled thereto.

Let us suppose that W. H. Casey had, by his will, devised a life estate in his community property to some person other than his wife and left the remainder estate undisposed of, can it be said that his surviving wife would not have taken it under the law? We think not. In such circumstances such kin of deceased as plaintiffs allege themselves to be would not inherit the estate not disposed of by will, over the rights of the surviving wife.

We do not consider that the authorities cited by plaintiffs (appellants) are in point or controlling in this appeal.

In Baker v. Johnson, Tex.Civ.App., 64 S. W.2d 1037, testator owned 320 acres of land before marriage; after marriage he and his wife acquired certain lands and personal property, which of course was community property. Testator left a will by the terms of which he left to his wife a life estate in all of his property. He also bequeathed the remainder interest after the wife's life estate should be terminated to his brothers and sisters. In the last mentioned condition lies the difference between that and this case. There can be no doubt that the owner of a community estate may pass, by his will, title to his community estate. Court in the cited case held that by the terms of the will, a life estate in the community property of testator passed to the surviving wife, with remainder to his brothers and sisters. But as above pointed out, in the instant case no disposition was made by W. H. Casey of the remainder estate after the life estate given to his wife, Mary Casey—that part of his

estate remained to be taken under the laws of descent and distribution.

Cases of Howard et al. v. Cole et al, 124 Ky. 812, 100 S.W. 225, and Wright et al. v. Singleton, 190 Ky. 657, 228 S.W. 38, involve the construction of language used in wills; that is, whether or not language used passed title in fee or only life estates. We have no such controversy in the instant case; this for the reason it is stipulated that the will of W. H. Casey only passed to his wife a life estate in the community interest of testator. But, to repeat, the controverted issue between the parties is: to whom does the residue of the community estate of testator belong?

Brant v. Virginia Coal & Iron Co. et al., 93 U.S. 326, 327, 23 L.Ed. 927, is another authority cited and relied upon by plaintiffs to sustain their contention. That too, was an action to construe a will and determine if a fee title, or only a life estate, passed under the will. The bequest there was by testator to his wife, all of his estate both real and personal "to have and to hold during her life, and to do with as she sees proper before her death." It was held that only a life estate passed by the will. We see no conflict whatever in that holding and the stipulated facts in the instant case to the same effect. No question of inheritance of the undisposed of part of the estate of either of the testators in the two Kentucky cases and the Virginia case was involved. Nor have we access to the laws prevailing in those jurisdictions relating thereto, if they in any way affected the rule we have announced in applying the statutory laws of this state.

Plaintiffs' sole point of error is embraced within what we have previously pointed out as being their contentions in the trial court and on appeal.

For the reasons stated above the point is overruled, and the judgment of the trial court is affirmed.