CASE 34—PETITION EQUITY—MAY 15.

# Miller v. Carlisle.

### APPEAL FROM CARROLL CIRCUIT COURT.

CONSTRUCTION OF DEVISE.—WORD "CHILD" CONSTRUED TO INCLUDE
GRANDCHILD.—The words "child or children," when used as de-
scribing those who are to take under a will, will be construed to
embrace grandchildren, if it is apparent from the entire will that
such was the intention of the testator. The mere fact, however, that
injustice will be done if the meaning of the words is not thus ex-
tended is not sufficient to authorize the chancellor to thus construe
them.

A testator made devises to each of several children and his or her
" heirs," with the provision that "if any one of said heirs of mine
should die leaving no child or children, then their share or shares to
be equally divided amongst the survivors." The testator then made
a devise to his daughter, M., omitting the word "heirs," but pro-
viding that the devise to her was "to be under the same restrictions
as provided for the other heirs." *Held*—That the word "child" in
the provision as to survivorship embraces grandchild, it being
apparent from the entire will that the testator intended that the
share of any devisee, upon his death, should go to the survivors only
in the event he left no descendants. And the daughter M. took the
same character of estate that the other children took, as the "restric-
tions" referred to in the devise to her include the provision as to
survivorship as well as certain restrictions in regard to the sale of
the property. Whether the devise created a defeasible fee or a life
estate. it is not necessary to determine, as the grandchild of M., who
claims her share of the estate, takes it in either event.

W. P. D. BUSH, WINSLOW & WINSLOW FOR APPELLANT.

1. Malvina F. Flynt took a fee-simple estate in the property devised to
her, and not a defeasible fee. The provision as to survivorship was
not intended to apply to the devise to Mrs. Flynt; but even if such
was the intention, it did not have the effect of changing her estate
from a fee-simple to a defeasible fee. (Wills v. Wills, &c., 10 Ky.
Law Rep., 76.)

2 The words "child or children" in the provision as to survivorship
were used in the sense of "descendants," and embrace grandchild.
(Dunlap v. Shreve's Ex'rs, 2 Duv., 340.)

J. A. DONALDSON FOR APPELLEES.

1. Mrs. Flynt took the same character of estate the other children took. The "restrictions" referred to in the devise to her embrace the provision as to survivorship as well as other restrictions.

2. The words "child or children" were used advisedly, and do not embrace grandchild. (Churchill v. Churchill, 2 Met., 473; Yates v. Gill, 9 B. M., 204; Phillips' Devisees v. Beall and Wife, 9 Dana, 2; 1 Roper on Legacies, 69.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The will of Samuel Carlisle is before us for construction. He died, leaving six children surviving him, and made, after providing for his wife, the following disposition of his property:

"I give to my son, James A. Carlisle, and his heirs, lot No. 1," describing it.

"I give to my daughter, Anna H. Carlisle, and her heirs, lot No. 2," describing it.

"I give to my daughter, Mary A. Carlisle, and her heirs, lot No. 3," describing it.

"I give to my son Samuel, and his heirs, lots 4 and 5," describing them.

"I give to my daughter Sophia, and her heirs, lot No. 6," describing it.

"And I do hereby declare that none of the above lands described are to be sold during the life-time of the devisees, either by the devisee or any other authority whatever, for the debts of any husband or wife that any of the legatees now have or may hereafter have, but to remain as above stated; and if any one of said heirs of mine should die, leaving no child or children, then the one so dying their share or shares to be equally divided amongst the survivors."

The testator then proceeds to make a devise to his daughter, Mrs. Flynt, as follows:

"And to my daughter, Malvina F. Flynt, I give all my houses and lots in Carrollton, which I purchased of one John Layeman, namely: two houses and eight half-acre lots, to be under the same restrictions as provided for the other heirs."

The daughter, Malvina Flynt, at the date of the will, was married, and had living a daughter. The daughter married, and died before her mother, leaving a child surviving her, named Dudley E. Miller. The mother, Malvina Flynt, then died, leaving a will, by which she gave this property that her father devised to her to her grandson, Dudley E. Miller. The two sons of the original devisee, Samuel Carlisle, claiming that under the will of their father, as their sister, Malvina Flynt, died without leaving a child or children surviving her, her portion of the estate passed to her brothers and sisters, this action was instituted that the rights of the parties might be determined, and the chancellor below having adjudged that the great grandson of the original devisor, and the grandchild of his daughter, Malvina, took nothing under either the will of Samuel Carlisle, his great-grandfather, or under the will of his grandmother, that judgment is brought here for revision.

It is well settled by numerous authorities, embracing several decisions by this court, that the words *child or children*, when used as describing those who are to take under the will, do not embrace grandchildren, and the meaning of such words can not be extended unless such was the plain intention of the

testator, gathered from the entire will. In fact, the statute of this State provides that "a devise to children embraces grandchildren when there are no children, and no other construction will give effect to the devise." (General Statutes, chap. 50, art. 2, sec. 1.)

This statutory construction was not intended to control the intention of the testator where it appears that a more extended meaning was given such words by him, but was enacted as following the rule adopted or recognized by this court in the case of Churchill v. Churchill, 2 Met., 466, as well as in many other reported cases. Where there is no necessity for enlarging the meaning of the words child or children, or where no intention by the testator to do so appears on the face of the will, the chancellor is confined to the ordinary meaning of the words, and can not include grandchildren; nor will the necessity for the chancellor's interference arise from the fact alone that injustice has been done by the testator, or by reason of the hardship of the devise, but it must be a necessity arising from a state of facts that compels the chancellor to extend the meaning of the words to include grandchildren, so as to make the will operative or effectual; therefore, a plain devise to one's children will not include grandchildren, although they may have the same claims upon the testator's bounty. The chancellor is left, however, to construe the entire will, with all its provisions, so as to arrive at the testator's intention.

In this case the devise to five of the testator's children is to each by name, and to their heirs; but when he comes to make the devise to his daughter, Malvina

Flynt, the word *heirs* is omitted, but with the further proviso that she takes "*under the same restrictions as the other' heirs.*" It is argued by the appellant that the clause in reference to the restrictions referred only to the inhibition of sale by any of the devisees, and had no reference to the question of survivorship in the event that Mrs. Flynt died without children. We can not concur in such a conclusion, and after a careful consideration of the provisions of the paper, we must adjudge that the testator intended to place all his children on the same footing, and that the devise was to Malvina Flynt and her heirs of the Carrollton houses and lots, and if any of his heirs died without child or children, then their share or shares to go to the survivors.

The question is, what meaning the testator attached to the words child or children. In each devise to his five children he uses the word *heirs*—"to my son and his heirs"—"to my daughter and her heirs"— evidently meaning those who would take by descent in a direct line from them, whether children or grandchildren. And in determining the question of survivorship, he used the words *child or children* as meaning the same thing; and it seems to us it is a plain perversion of the meaning and intention of the devisor to say that he intended the children only of his children to take, and that if they all died but one, leaving grandchildren and no children surviving them, that the survivor of the original devisees took the entire estate. The word children was used as synonymous with heirs, the purpose of the testator being that, if they died without some one to take from them by

descent, they should have no power to pass their estate from their surviving brothers and sisters. There is a clause in the will that doubtless controlled the chancellor in his decision below. The testator says, that upon consultation with legal counsel, having used the words *heir and heirs* in the will he had written, he erased those words, and inserted *child and children*, but that those "alterations were not made to denote any change of purpose or intention, but simply to carry out the previous intention in legal form and phrase."

What advice counsel gave him does not appear, but it is apparent that the use of the word heir or heirs might be construed as passing to each child the absolute fee by which the estate could be disposed of by the devisee contrary to the intent of the testator, and for that reason the words child or children were substituted; but whether so or not, the devise to his children and their heirs points clearly to the intention of the testator, and leaves no doubt of his desire to have the estate pass from the child to its offspring, including children and grandchildren; and where the contingency happened that no one could take from the original devisee, his or her part then passed to the survivor. It is, therefore, needless to discuss the nature of the estate that vested in Mrs. Flynt; whether a defeasible fee or a life estate, or whether the case is like that of Wills v. Wills, reported in 85 Ky., 486, the title is now in the appellant, Dudley Miller.

The judgment below is, therefore, reversed, and remanded with directions to overrule the demurrer, and for proceedings consistent herewith.