CASE 108—ACTION FOR CONSTRUCTION OF A DEED AND SETTLEMENT OF
THE ESTATE OF PLAINTIFF'S INTESTATE.—FEB. 7.

# Harrington, &c. v. Gibson.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT DISMISSING CROSS PETITION OF HARRINGTON AND OTHERS,
AND THEY APPEAL.   REVERSED.

CONSTRUCTION OF DEED—SURVIVORSHIP—WORD "CHILDREN" INCLUDES
GRANDCHILDREN.

Held:   1. Under a deed conveying land to M., to have and to hold
during her life, "and at her death to her children," and reciting
in conclusion that it is understood that the husband of M. can
not sell or rent the land without the consent in writing of the
grantor, and that "it is the intention of this instrument" to
convey the land to M. for life, "and at her death the same
to   descend   to   such   of   her   children   as   may   then   be
living," the sole survivor of several children of M., who were
living at the time the deed was executed does not take the en-
tire land, but the children of deceased children of M. are en-
titled to the shares which their parents would have taken if
living; the word "children," as used in the last clause, being
equivalent to "issue" or "descendants."
2. Kentucky Statutes, section 2064, providing that "a devise to chil-
dren embraces grandchildren when there are no children, and
no other construction will give effect to the devise," applies to
a deed in the nature of a testamentary disposition.

W. P. McCLAIN AND P. B. CHEANEY, FOR APPELLANTS.

This appeal involves but one question, viz.:   The construc-
tion and effect to be given an "Article of Agreement," made in the
year 1855 between John Eakins of the first part, and his daugh-
ter, Martha I. Harrington, and her husband, Charles B. Har-
rington, of the second part.

At that time Mrs. Harrington had seven living children, all
unmarried and infants.   She died in 1899, and all her children
had died except the appellee, Mrs. Gibson.   Three of the de-
ceased children left children, the appellants herein.

Mrs. Gibson claims that as the sole surviving *child* of Martha
I. Harrington she is entitled to the whole of the land named in

Harrington, &c., v. Gibson.

said "article" and that appellants, the children of her deceased brother and sisters, have no interest therein.

The language used in the article of agreement, or deed, made by John Eakins to his daughter, Martha, is as follows:

"It is the intention of this instrument of writing to convey to the said Martha I. Harrington the said tract of land during her natural life, and at her death the .same to descend to such of her children as may then be living."

We contend that the word "children," as used by the grantor taken in connection with the whole instrument, included grand-children, or rather means descendants *per stirpes;* and should be read, "to such of her children and the descendants *per stirpes* of her deceased children as may then be living."

Davis v. Hardin, 80 Ky., 672; Fletcher v. Tyler, 92 Ky., 145; Dunlap v. Shreve, 2 Duv., 335; Crozier v. Crandall, 99 Ky., 212; Hughes v. Hughes, 12 B. Mon., 121; Yeates v. Gill, 9 B. Mon., 203; Duval v. Goodson, 79 Ky., 227; Chenault v. Chenault, 88 Ky., 83.

MONTGOMERY MERRITT, Attorney for appellee.

### CHILDREN OR GRANDCHILDREN IS THE QUESTION.

1. It seems to us that the grantor makes his meaning as plain as language can make it, and leaves no room for doubt, or for judicial construction.
2. Notwithstanding the grantor says it is the *intention* of the instrument, that the land shall descend to such of Martha I. Harrington's *children* as may *be living at her death*, the appellants contend that he did not *intend* what he plainly says he did *intend*, but meant her grandchildren also. Ormsby v. Dumesnil, &c., 91 Ky., 608; Hopson's Exr. v. Shipp, &c., 78 Ky., 644. In petition for rehearing, appellee cites: 82 Ky., 379; 91 Ky., 53; 18 B. M., 329; 15 Ky. Law Rep., 133; Devlin on Deeds, vol. 2, sec. 837.

Opinion of the court by JUDGE HOBSON—Reversing.

Martha I. Harrington died in March, 1899, leaving, surviving her, one daughter, Martha A. Gibson, and several grandchildren, the children of two deceased daughters. Mrs. Gibson claims that she took at her mother's death the tract of land in controversy in this action to the ex-

clusion of the grandchildren, under the deed by which the property was held. The grandchildren claim that they are entitled to the interest in the property which their mothers would have taken if living. The deed was made in the year 1855, and is as follows: "Article of agreement made and entered into between John Eakins, of the first part, and Charles B. Harrington and Martha I. Harrington, of the second part, both parties of Henderson county, in the State of Kentucky, witnesseth: That the said John Eakins, for and in consideration of the natural love and affection which he bears his daughter, the said Martha I. Harrington, he hereby gives, grants, and conveys to his said daughter a certain tract or parcel of land situated," etc. (Here the land is described.) "To have and to hold the said tract of land to her, the said Martha I. Harrington, during the natural life of her, the said Martha I. Harrington, and at her death to her children. And it is distinctly understood and agreed between the parties hereunto that the said Charles B. Harrington, even with the consent of his wife, the said Martha I. Harrington, can not sell, rent, or lease out said tract of land, or any part thereof, for a longer or shorter term, without the consent in writing of the said John Eakins. It is the intention of this instrument of writing to convey to the said Martha I. Harrington the said tract of land during her natural life, and at her death the same to descend to such of her children as may then be living." At the time the deed was made, Martha I. Harrington had seven children, ranging in years from early infancy to about majority, all unmarried. When she died, forty-four years later, these children were all dead except Mrs. Gibson, and the question is, did Mrs. Gibson, as she alone survived her mother, take the title to the entire tract of land at her death? It will be observed that

in the granting clause of the deed the words are, "He hereby gives, grants, and conveys to his said daughter a certain tract or parcel of land," etc. So far, the title was clearly vested in the daughter absolutely, and would have descended from her to all of her descendants. Then in the *habendum* clause of the deed are these words: "To have and to hold the said tract of land to her, the said Martha J. Harrington, during the natural life of her, the said Martha I. Harrington, and at her death to her children." This restricted the interest of Martha I. Harrington to a life estate, with remainder in fee to her children. if the deed had stopped here, all of her children would have taken a vested estate in remainder after her life estate that clearly would not have been defeated by their death in her lifetime. The deed then contains a clause taking away from the husband of Mrs. Harrington, even with the consent of his wife, power to sell or rent the land without the consent of the grantor in writing; and in connection with this stipulation, and apparently with the same matter in mind, the grantor adds: "It is the intention of this instrument of writing to convey to the said Martha J. Harrington the said tract of land during her natural life, and at her death the same to descend to such of her children as may then be living." There were then seven children living, some of them young; and, if any of them died without issue, under the statute their father would have inherited their share. The grantor intended the property to go to his daughter for life, and he did not intend the husband, during her life, to control it, or to inherit in any way any interest in it. The last clause of the deed does not purport to be a limitation upon the vested estate in the children, which had been given them by the preceding clauses. The words, "it is the intention

of this instrument" would indicate that the purpose of the clause was not to change the estate already granted, but to explain what had been previously expressed. The word "descend," in the expression "at her death the same to descend to such of her children as may then be living," would seem to refer to the course the property would take by descent; and, if this is true, the word "children" in this clause must be read as equivalent to "issue" or "descendants." This construction of the deed makes the last clause consistent with the previous part of it, and it is a familiar rule of construction that all parts of a deed will be read together, so as to make them consistent, one with the other, if it can be reasonably done. In case of conflict an earlier clause of a deed controls a later one. It is not to be presumed that the grantor changed his mind after writing the body of the deed, and vesting the remainder in all the children, and so that the last clause was intended to do away with the previous part of the deed. On the contrary, the use of the word "descend" in that clause would seem to show that he still had the same idea in his mind. And when we see that this clause purports only to declare the intention of what had preceded it, and not of making any change in the estate that had been granted, the meaning of the grantor is too plain to be disregarded. See Chenault's Guardian v. Chenault's Ex'rs, 88 Ky., 83, (11 S. W., 424); Crozier v. Cundall, 99 Ky., 212, (35 S. W., 546); Sloan v. Thornton (Ky.) 43 S. W., 415. The common law rule that the word "children" does not include grandchildren, as fully shown in the cases cited, has been modified in this State by statute. Section 2064, Kentucky Statute provides: "A devise to children embraces grandchildren when there are no children, and no other construction will give effect to the devise." This provision is a part of the stat-

ute abrogating the common-law rule as to survivorship among devisees, and applies to all instruments in the nature of a testamentary disposition. If all the children of Mrs. Harrington had died before her, clearly, under this provision, the grandchildren would have taken the estate in room of their deceased parent. The fact that one of the children survived, while the others were dead, should not change the result, for the one case is as clearly within the spirit and purpose of the deed as the other. It follows that the court below erred in adjudging Mrs. Gib son entitled to the entire property. Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.