McClelland's Exr. v. McClelland, &c.

CASE 32.—ACTION BY FRANCES McCLELLAND AND OTHERS AGAINST BYRON McCLELLAND'S EXECUTOR, AND OTHERS FOR A CONSTRUCTION OF BYRON Mc-CLELLAND'S WILL.—March 5.

## McClelland's Exr. v. McClelland

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for plaintiffs, defendants appeal—Reversed.

1. Wills—Construction—Intention of Testator.—In the construction of a will, the intention of the testator should be given effect if it can be done without violating any provision of the law, and in ascertaining such intention it is proper to consider the environments and the natural objects of bounty of the testator at the time of the making of the will, and such intention should not be defeated by the application of technical rules of construction.

McClelland's Exr. v. McClelland, &c.

2. Wills—Construction—Separate Clauses or Parts.—In construing a will every clause in it must be taken with reference to the others.

3. Wills—Construction—Estates Granted—Fee Simple.—A testator, after making some specific bequest to relatives, bequeathed "all the residue of my estate, both real and personal or of any other description, to my wife, S., forever, but charge this residue which I give my wife with the following bequests: First, to pay my brother J. $30 per month as long as he may live; second, to pay my niece, F., $10,000 on the day of her marriage for her sole and separate use; third, that at my wife's death, her executors or administrators shall turn over to my brother W. and my sister L. or their children, if either or both are dead (excepting F., my niece), one-fourth of whatever remains of the residue of the estate that I have bequeathed to my wife, S., forever; fourth, that at my wife's death, her executors or administrators shall turn over one-half of whatever remains of the residue of my wife, S., forever to my niece, F., for her sole and separate use; fifth, the remaining one-fourth of residue I left my wife, she may dispose of by will or if she makes no will, to follow the law of descent." Ky. St. 1909, sec. 2342, provides that, "unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will without word of inheritance shall be deemed a fee simple or such other estate as the grantor or testator has power to dispose of." Held, that testator's wife was given a life estate in three-fourths of the residue of testator's property and the fee in one-fourth thereof, with power to sell and dispose of so much of the entire residue as should become necessary for her support.

4. Wills—Construction—Estates Granted — Conditions.—Testator's niece F., did not take a vested interest in the $10,000 devised to her, but became entitled to it only in the event of her marriage.

J. S. BOTTS and SHELBY & SHELBY for appellants.

JOHN M. STUCKY and S. M. WILSON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The question involved on this appeal is the con-

struction of Byron McClelland's will, which is as follows:

"I, Byron McClelland, of Lexington, Kentucky, wishing to revoke all former wills and testaments, being of sound mind, uninfluenced by any other desire than to dispose of my property as to me seems best, do declare this to be my last will and testament. I wish my just debts to be promptly paid. I bequeath to my brother Wallace McClelland or his children, if he be dead (excepting Frances), ($5,000) five thousand dollars. I also bequeath to my sister, Shishmanian, (or) her children, if she be dead, ($5,000) five thousand dollars. I bequeath all the residue of my estate both real and personal, or of any other description to my wife, Sallie, forever; but charge this residue which I give my wife with the following bequests:

"First. To pay my broher J. W. McClelland ($30) thirty dollars per month as long as he may live.

"Second . To pay to my niece, Frances McClelland, $10,000 on the day of her marriage for her sole and separate use.

"Third. That at my wife's death her executors or administrators shall turn over to my brother, Wallace McClelland, and my sister, Mrs. Lucy Shishmanian, or their children if either or both are dead( excepting Frances McClelland, my niece( one-fourth of whatever remains of the residue of the estate that I had bequeathed to my wife, Sallie, forever.

"Fourth. That at my wife's death her executors or administrators shall turn over one-half of whatever remains of the residue of my wife, Sallie, forever, to my niece, Frances McClelland, for her sole and separate use.

"Fifth. The remaining one-fourth of residue I left

my wife, she may dispose of by will or if she makes
no will to follow the law of descent.''

The cardinal rule for the construction of wills is
to ascertain from the whole instrument, if possible,
the intention of the testator, and in all cases to give
effect to such intention, if it can be done without vio-
lating any provision of the law.    There is no pre-
tense that any provision of this will undertakes to
create a perpetuity or to entail any part of the testa-
tor's estate, which cannot be done without violating
the statute of Kentucky.    The only contention of
appellants is that Byron McClelland bequeathed all
his estate, except that devised to his brothers and
sister, to his wife in fee, and that the after devises over
to his niece, brothers, sister, and other descendants
are void under the authorities of Clay v. Chenault,
108 Ky. 77, 55 S. W. 729, 21 Ky. Law Rep. 1485, the
cases therein cited, and others adopting the same rule.
This court has repeatedly decided that it is proper to
consider the environments and the natural objects
of the bounty of the testator, at the time of the mak-
ing of the will, to enable the court to arrive at the
intention of the testator in the construction of the
will.    It appears from the record that, at the time
of the making of the will under consideration, Byron
McClelland owned property of the value of about
$200,000.    Appellant Mrs. McClelland and the testa-
tor had no children, but had living with them at the
time of the making of the will at the death of Byron
McClelland the infant appellee, Frances McClelland,
his niece.    She lived with them as one of the family
from her infancy to his death.    She was the daughter
of Wallace McClelland, the first devisee mentioned
in the will.    The testator had one sister, Mrs. Shish-
manian, and two brothers, Wallace McClelland, a

farmer residing in Fayette county, and J. W. Mc-
Clelland, who was a sufferer from some mental de-
rangement. It appears that all the natural objects
of his bounty were provided for in his will. Appel-
lant's contention, in short, is that by the will of Byron
McClelland he devised absolutely all the residue of
his estate to his wife; and, this being true, his at-
tempted devise of the estate remaining at her death,
to his niece, brothers, and sister, is void. The first
question is: Does the language of the will show that
the testator had such intention? If not, does the
language used by him in expressing his intention
compel this court to give it such a construction?

Section 2342, Ky. St., is as follows: "Unless a
different purpose appear by express words or neces-
sary inference, every estate in land created by deed
or will, without words of inheritance, shall be deemed
a fee simple or such other estate as the grantor or
testator had power to dispose of." Recognizing the
universal rule which is to the effect that the intention
of the testator must control, unless it contravenes
some established policy of law, and that technical
rules of construction will not be allowed to defeat the
plain intention of the testator, and that every clause
in a will must be taken with reference to the others,
we are of the opinion that Byron McClelland in-
tended to and did bequeath to his wife only a life
estate in three-fourths of his property, and the fee in
one-fourth thereof, with full power to sell and dis-
pose of so much of it, or of the whole of the property,
should it become necessary for her support in com-
fort during her life. This is not only a necessary
inference from the provisions of the will, but such in-
tention on his part is manifest. Byron McClelland
did not desire to confine his wife to the income from

his estate, if it should become insufficient to support
her in comfort, but intended that she should have so
much of the principal as might become necessary for
her comfortable maintenance.   However, he did not
intend that she should waste it and defeat the natural
objects of his bounty, provided for in his will.   It is
true that the testator, after first making a devise to
his brother and sister, bequeathed his estate, both real
and personal, to his wife, Sallie, "forever," which
would have passed a fee-simple title to her, if no
other words had followed showing a different inten-
tion.   The words that follow the word quoted are:
"But charge this residue which I give my wife with
the following bequests:"   The first being that she
pay to his brother, J. W. McClelland, $30 per month
as long as he may live.   Second, that she pay to
Frances McClelland on the day of her marriage,
$10,000.   Third, after her death her executors or ad-
ministrators shall turn over to his brother Wallace
and his sister, Mrs. Shishmanian, or their children,
if they be dead, except Frances McClelland, one-
fourth of whatever remains of the estate that he de-
vised to his wife.   Fourth, one-half of what remains
at his wife's death shall be turned over to his niece,
Frances McClelland.   Fifth, the remaining one-fourth,
if not disposed of by his wife by will, to follow the
law of descent.   These after devises show clearly and
unmistakably that the testator intended to and did
limit the devise to his wife to a life estate.

Appellants contend that the use of the expression
in the will, "to my wife, Sallie, forever," and the
like expressions in the third and fourth clauses of
the will clearly import a fee-simple estate in the wife.
The word "forever" adds but little, if any, to the
strength of the bequest.   If the words following the

word "forever" had been omitted, and the testator had used no words showing his intention to limit the estate given his wife, she would have taken a fee therein, even though the word "forever" had been omitted. See the section of the statute above quoted. We cite the following authorities to show that the provisions of the will created a life estate only in appellant: Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322; Cox v. Sims, 125 Pa. 522, 17 Atl. 465; Harbinson's Admr. v. James, etc., 90 Mo., 411, 2 S. W. 292; Coat's Ex'r v. L. & N. R. R. Co., 92 Ky. 263, 17 S. W. 564, 13 Ky. Law Rep. 557; Page on Wills, section 459; Anderson, etc., v. Hall's Adm'r, 80 Ky. 91, 3 Ky. Law Rep. 579. In the last case the provision of the will under consideration was as follows: "I give and bequeath to my beloved wife, Mary F. Hall, all my property, including real and personal, of any and every description whatever, giving her the right to sell and reinvest, as she may desire, any part of the same for her own separate use and benefit, and at her death, I desire that any portion of my estate remaining undisposed of shall go to my three daughters, Mary Davis, Annie Harbison, and Amelia Wilson." In construing this provision the court said: "The words, 'the estate remaining undisposed of shall go to my three daughters,' follow directly after the power to sell and reinvest; and while the right to use and dispose of the estate by the wife for her comfortable support may not be limited to the income, it is manifest that this testator thought he was making some provision for his children, and doubtless would have been surprised if, after writing his will, he had been told that all the care taken with reference to the advancements he had made to each of his children, and his desire that the others should

be made equal, amounted to nothing, as he had given to his wife in fee simple the entire estate. He had confidence in his wife, and believed that she would use no more of his estate than was proper and necessary for her own maintenance. We see no reason why a life tenant may not be invested with the power to sell, and with the additional power to use so much of the principal as might be necessary to maintain him. We do not construe this will as giving to the wife an unlimited dominion over the estate. She had no power to give it to another, or even to waste it in extravagance for the purpose of depriving these children of their interest in it. This is not the case of an absolute gift or the devise by the testator of an estate in fee to the wife, and then an attempt to defeat the devise by a limitation over." Again, in the same opinion, the court said: "The real question is whether the express language of the will, or the necessary inference from it, leads to the conclusion that the testator intended to create a less estate in his wife than a fee simple. We are aware of the im-· portance attached to the words of inheritance used in a deed or will in determining the character of title acquired; but in a case like this, as in fact in all wills, the intention of the testator must have a controlling influence, and to determine that the devise to the wife in the will before us is inconsistent with the devise to the children would be to defeat the plain intention of the .testator expressed in each sentence of the will, and give the proceeds of his land to those who are strangers in blood and without claim upon his bounty." .

Appellants' counsel contend that Mrs. McClelland was given power by the will to sell and dispose of the whole estate devised to her, and thus defeat the claim

of the remaindermen, and that therefore the fee in
the property vested in her, because such power is in-
consistent with and repugnant to a life estate, and
refer to the cases of Moore v. Webb, 2 B. Mon. 282,
Caleb v. Field, 9 Dana, 346, and Clay v. Chenault,
supra, in support of the contention. If the construc-
tion of the will given it by appellants were correct,
there is no doubt but what they sustain the propo-
sition. In the case last named the court said: "It
seems to us that the decided weight of authority, if,
indeed, there be any to the contrary, is to the effect
that a will or deed giving to the vendee or devisee
full power to sell and convey passes the absolute fee,
and that any provision or devise (over) is absolutely
void for the reason that it is inconsistent with or
repugnant to the fee, and it is wholly immaterial
whether the power to sell or dispose of the property
shall have been exercised or not." This authority,
however, does not apply to the case at bar, because
there is no express power given Mrs. McClelland
enabling her to sell or dispose of the property. Such
power, if any exists, can only be implied from the
words "whatever remains" in the third and fourth
clauses of the will. From the use of these expres-
sions, it is evident that the testator thought that a
portion of his estate would remain at the death of
his wife after she had used the income from it and
as much of the principal as was necessary to support
her comfortably. In our opinion the use of the words
referred to do not imply an absolute and unlimited
power on the part of Mrs. McClelland to dispose of
the property; but, on the other hand, implied only
that she have such power, if necessary, to enable her
to subsist comfortably. The very fact that by his
will he gave her the right to dispose of only one-fourth

of what remained at her death, after using the estate for the purposes mentioned, by will, shows a purpose on the part of the testator to limit her right of disposition. In the case of Anderson v. Hall, supra, this court determined that only a life estate was given the devisee by the use of the words: "At her death I desire that any portion of my estate remaining undisposed of shall go to my three daughters."

We are of the opinion that the lower court erred in adjudging that Frances McClelland, the niece of the testator, took a vested interest in the $10,000 devised under the following clause of the will, to wit: "Second. To pay to my niece, Frances McClelland, $10,000 on the day of her marriage for her sole and separate use." In our opinion Frances McClelland took nothing, in præsenti, by this clause. Her right to it depends upon her marriage, and when that day comes she is entitled to it, but not before.

For this reason, alone, the judgment is reversed and remanded for further proceedings consistent herewith.