HOUSTON OIL CO. OF TEXAS v. BUNN. (No. 6981.)

(Court of Civil Appeals of Texas. Galveston. Feb. 19, 1919. On Motion for Rehearing, March 14, 1919.)

1. DEEDS ⬤⟳100—CONSTRUCTION—EXTRINSIC CIRCUMSTANCES.

In construing a deed or any instrument in writing, the intention of the maker must be as-

certained from the instrument as a whole, and to ascertain the intent, it is proper to look to the subject-matter embraced in the instrument and the conditions surrounding the parties.

2. DEEDS ⬤⟳97—CONSTRUCTION—CONFLICTING CLAUSES.

Where a deed or other written instrument contains clauses that are inconsistent with each other, such clauses, if possible, should be reconciled so that the intention of the maker as disclosed by the whole instrument shall be given effect, and this intention must not be defeated by a literal interpretation of any of the words of the instrument.

3. LOGS AND LOGGING ⬤⟳3(11)—TIMBER DEEDS—CONSTRUCTION.

A conveyance of lands which excepted a described parcel and then conveyed the timber thereon, though the habendum clause used the word "forever," held not to grant the fee-simple title to the timber, together with the necessary interest in the land for its sustenance, but to contemplate a removal within a reasonable time.

4. LOGS AND LOGGING ⬤⟳3(11)—TIMBER DEEDS—CONSTRUCTION.

Where a deed to timber did not convey a fee-simple title and specified no time for removal, the grantee must remove the timber within a reasonable time, or he will lose his rights thereunder.

5. DEEDS ⬤⟳123—CONSTRUCTION—HABENDUM CLAUSE—"FOREVER."

The use of the word "forever" in the granting or habendum clause of a deed does not generally have the effect of enlarging the estate granted, if the instrument as a whole shows that the fee-simple title was not intended to be granted, and the title will not be enlarged into a fee simple by the grantor's declaration that it is to be held by the grantee forever.

6. APPEAL AND ERROR ⬤⟳1051(4)—REVIEW—HARMLESS ERROR.

Where a deed to timber construed alone showed that the grantee did not receive a fee simple, the admission of oral evidence in support of that contention, if erroneous, was harmless.

Appeal from District Court, Orange County; A. E. Davis, Judge.

Suit by the Houston Oil Company of Texas against Pearl Bunn. From a judgment for defendant, plaintiff appeals. Affirmed.

Parker & Kennerly, J. J. Lee, and Kennerly, Williams, Lee & Hill, all of Houston, for appellant.
L. A. Carlton, of Houston, and Townes, Foster & Hardwicke, of Beaumont, for appellee.

PLEASANTS, C. J. This is a suit for injunction brought by appellant to restrain appellee from cutting and removing the timber from a tract of 420 acres of land on the Pinckney Lout league in Orange county. The

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

trial in the court below without a jury resulted in a judgment in favor of defendant.

The suit involves the construction of a deed executed by Joseph Bunn and others on February 17, 1900, by which the timber in controversy was conveyed to the Beaumont Lumber Company. The Beaumont Lumber Company, on July 13, 1903, conveyed all of the right and title acquired by it under said deed to John H. Kirby, and on October 6, 1909, Kirby conveyed all of his rights and title in and to said timber to appellant. The appellee, prior to the institution of this suit, acquired from the grantors in said deed of February 17, 1900, the title to the 420 acres of land upon which the timber in controversy is standing and growing. The material portions of the deed by which the timber was conveyed to the Beaumont Lumber Company are as follows:

"State of Texas, County of Orange.

"Know all men by these presents: That we, Joseph Bunn, P. L. Bunn, J. A. Bunn, V. A. Loving and husband, W. O. Loving, all of the county of Orange, in the state of Texas, for and in consideration of the sum of ten thousand and four hundred and eighty dollars to us paid and secured to be paid by Beaumont Lumber Company, a corporation chartered and organized under the laws of Texas, as follows: The sum of four hundred and eighty dollars in cash, the receipt whereof is hereby acknowledged, and the further sum of ten thousand dollars to be paid in eight equal annual installments of twelve hundred and fifty dollars each, evidenced by the eight promissory notes of said Beaumont Lumber Company, drawn payable to the order of Joseph Bunn, due respectively, one, two, three, four, five, six, seven and eight years after date and bearing even date herewith. Each note bearing interest from its date at the rate of six per cent. per annum, payable annually, and providing for the payment by the makers thereof of ten per cent. additional of the principal and interest if collected by legal proceedings, have granted, sold and conveyed, and by these presents do grant, sell and convey unto said Beaumont Lumber Company of Jefferson county, Texas, all those certain tracts, pieces and parcels of land situated in Orange county, Texas, to wit. [Here follows description of three several tracts of land, aggregating 1,165 acres. A fourth tract is then described by metes and bounds, and out of said tract the tract of 420 acres upon which the timber in controversy is standing and growing is reserved and excepted. The 420 acres so expressly reserved and excepted from the sale is described by metes and bounds. Two other tracts of 1887 acres and 480 acres, respectively, are next described.]

"We also grant, bargain, sell and convey unto said Beaumont Lumber Company all of the pine timber standing or growing in and upon that certain 420 acres of said Pinkney Lout league of land reserved and excepted from the 'Fourth' tract of land hereinbefore described, together with the right of ingress and egress in, to, upon and from said land for said company, its agents, employés and teams and appliances for the purpose of cutting and removing said timber: And together with the exclusive right at any time hereafter to build, maintain and operate in and upon said land any train, railroad, or other contrivance for transporting timber from any of the lands of said company.

"To have and to hold the above described and conveyed lands and premises and the above sold pine timber, rights, privileges, right of way, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Beaumont Lumber Company, its successors and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said lands and premises, pine timber, rights, privileges, right of way, etc., unto it, the said Beaumont Lumber Company, and unto its successor and assigns against every person whomsoever claiming or to claim the same or any part thereof.

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above-described property, premises and improvements until the above-described notes and all interest thereon, are fully paid according to their fact and tenor, effect and reading when this deed shall become absolute."

Parol evidence introduced by appellee, over appellant's objection, sustains the findings of the trial court that the 420-acre tract expressly reserved from sale in the deed above set out was so reserved by the vendors therein for farming purposes; that it cannot be used for such purpose until the timber is removed therefrom, and that it was understood and agreed by all of the parties to the deed at the time it was executed; that the purchaser of the timber would expeditiously remove it from the land.

It was further shown that the appellee, after he became the owner of the land prior to 1904, requested and insisted that appellant remove the timber therefrom so that he might put the land in cultivation, and, appellant having failed to remove the timber, appellee notified it in 1907, or prior thereto, that because of such failure the title to the timber had reverted to him.

It is admitted that, if the deed did not convey the timber as an interest in fee in the land, a reasonable time for its removal had elapsed before appellee began to cut and remove it from the land. The agreed consideration paid by the Beaumont Lumber Company for this timber was 50 cents per 1,000 feet, and the amount of timber on the land at the date of the sale was estimated at 1,500 feet per acre. It is further agreed that all of the vendor's lien notes mentioned and described in the deed have been fully paid and the lien discharged.

Under appropriate assignments of error appellant contends that the trial court erred in not construing the deed above set out as an absolute conveyance of a fee-simple title to the timber together with the necessary interest in the land for the sustenance of the timber, without any condition or requirement

that the timber should be removed from the land within a reasonable time.

[1, 2] We cannot agree with appellant in this contention. In construing a deed or any instrument in writing the intention of the maker must be ascertained from the instrument as a whole. In order to ascertain this intention it is proper to look to the subject-matter embraced in the instrument and the conditions surrounding the parties. If the instrument contains clauses that are inconsistent with each other, such clauses, if possible, must be reconciled so that the intention of the maker as disclosed by the entire instrument shall be given effect, and this intention must not be defeated by a literal interpretation of any of the words used in the instrument.

[3] Applying these cardinal rules of construction to this deed, the conclusion that it was not the intention of the grantors to convey the timber on the 420 acres of land in fee simple as an interest in the land seems to us to be irresistible.

After conveying six severally described tracts of land, aggregating 3,922 acres, for the considerations recited in the deed and expressly reserving from the sale the 420-acre tract which is described by metes and bounds and taken out of a tract of 1,165 acres described in the deed, the remainder of which is there conveyed, the deed contains these additional clauses of conveyance, and habendum clauses:

"Also grant, bargain, sell and convey unto the said Beaumont Lumber Company all of the pine timber standing or growing upon that certain 420 acres of said Pinckney Lout league of land hereinbefore described together with the right of ingress and egress in, to and upon and from said land for said company, its agents, employés and teams and appliances for the purpose of cutting and removing said timber, together with the exclusive right at any time hereafter to build, maintain and operate in and upon said land any tramway railroad or other contrivance for transporting timber off of any of the lands of said company, to have and to hold the above described and conveyed land and premises and the above sold pine timber, right, privileges and right of way, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Beaumont Lumber Company, its successors and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said lands and premises, pine timber rights, privileges, right of way and, etc., unto it, the said Beaumont Lumber Company and unto its successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part hereof."

It is clear from these clauses that the removal of the timber from the 420 acres of land was contemplated and intended by all of the parties to the instrument. This intention is manifest from the clauses giving the grantee the rights of ingress and egress upon the land for the purpose of cutting and removing the timber, and is emphasized by previous full reservation of title in the grantors to the 420 acres of land, which is in these words:

"There is, however, reserved and excepted from this sale, which is not intended to be conveyed herein, 420 acres of land described as follows: [Here follows description]."

[4] The grantee in the deed was a lumber company, and it was given the right not only to enter upon the 420 acres to cut and remove the timber therefrom, but was also given a right of way across said 420 acres for the construction and operation of a tram railway to be used in removing the timber from any of the lands of the company. The only reasonable inference from these clauses and provisions of the deed is that the timber was sold for manufacture for commercial purposes, and it was in the contemplation of the parties that said timber would be cut and removed from the land by the purchaser. The contention that it was the intention of the parties by this instrument to convey to the lumber company the perpetual right to cut and remove the timber standing and growing upon the 420 acres of land cannot be sustained by any fair construction of the deed as a whole. This being true, and the time in which the timber should be removed not being specified in the deed, under well-established rules of law the purchaser was required to remove it within a reasonable time.

In the case of McNair & Wade Land Co. v. Adams, 54 Fla. 550, 45 South. 492, the Supreme Court of Florida, in construing a deed which conveyed to the grantee and his heirs and assigns forever the timber upon a described tract of land, "with full turpentine and mill privileges, to wit: First to turpentine said timber, and then use the same for milling purposes"—held that the deed did not convey an absolute fee-simple title to the timber as an interest in land. The reasoning of the court in that case is clear and forcible and directly applicable in the construction of the deed in this case. The court says:

"The deed we are construing conveys a certain parcel of timber, being on the land described. It does not convey all the timber that may thereafter grow upon the land. The timber is conveyed for definite, not all, purposes and uses—'first to turpentine said timber, and then to use same for milling purposes.' These purposes imply, nay they require, the cutting down and removal of the timber from the land. This shows clearly that the estate conveyed should at some time come to an end; that it should not be perpetual. To give to the deed the construction placed upon it by appellant would make it convey, not only the timber now upon the land, but the timber to be grown thereon for all time. The defendant company could, under this construction, cut and manufacture

into lumber the trees now growing, and then, after the lapse of time, cut other timber not now being on the land, crop after crop to be grown through all time, amounting to many thousands dollars more than the consideration expressed in the deed. Parties may make a contract whereby one would be entitled to a perpetual right to enter upon the land of another and remove timber therefrom; but, as such an agreement is so unreasonable in its nature, no contract will be held to have this effect, unless it is so plainly manifest from the terms of the same that such was the intention of the parties. McRae v. Stillwell, 111 Ga. 65, 36 S. E. 604, 55 L. R. A. 513; Hall v. Eastman, Gardiner & Co., 89 Miss. 588 [43 South. 2, 119 Am. St. Rep. 709]."

In the case of Fletcher v. Lyon, 93 Ark. 5, 123 S. W. 801, timber was sold by a deed containing this clause:

"Do hereby grant, bargain, sell and convey unto the said Thomas R. Lyon and unto his heirs and assigns forever all the timber standing or fallen, with the right to cut and remove the same at any time, upon the following lands."

Following this in the deed the right to cross and recross the land for the purpose of conducting logging operations was given, and it concludes as follows:

"To have and to hold the same unto the said Thomas R. Lyon and unto his heirs and assigns forever."

It will be seen that both in the granting clause and in the holding clause the word "forever" is used, and the holding clause applies not only to the timber that was being sold, but also to the rights and privileges of crossing and recrossing the land—at least this is the effect of this holding clause. It will be noted, too, that in the granting clause it was expressly said that the purchaser was to have the right to cut and remove the same "at any time." This was one among several deeds that were passed upon in the case. As to this deed, the court held that, no time being fixed within which the timber could be removed, the vendee would have only a reasonable time. The holding is in these words:

"The timber deed involved in the other case conveys 'all timber standing or fallen, with the right to cut and remove same at any time.' Does this mean that the grantee has an unlimited time within which to remove the timber, as contended by counsel? If so, any defendants are allowed to remove it at their own convenience, without regard to lapse of time. Then they can, by mere inaction, forever deprive plaintiffs of the enjoyment of the rights which they expressly reserved in the deed. Such is not a reasonable or just interpretation of the language of the contract. Carson v. Lumber Co. [91 S. W. 53], supra. If the words 'at any time' be given their literal meaning, the defendant may await all time to remove the timber; and, if not, the words must be held to mean a reasonable time, without unnecessary delay, the same as if no time at all were specified."

209 S.W.—53

We conclude that the latter is the proper interpretation of the language of the deed."

In the case of Carson v. Three States Lumber Co. (Tenn.) 91 S. W. 53, the timber was sold and the right to removal given. The contract contained this clause:

"And in consideration of the same [that is, the payment of the notes] we convey and confirm to the said Hull & Polhemus all the timber rights, licenses, and privileges in the land mentioned in said deed, to their heirs and assigns forever."

No special time was fixed for the removal of the timber. The court in interpreting this deed held that the vendee would only have a reasonable time within which to remove the timber. The holding is in these words:

"If it be, as is insisted by the Three States Lumber Company, that it can remove the timber in question at its own convenience, without regard to the will of the complainants, or the lapse of time, it has, so far as the standing timber may interfere with the use of the soil by its owner, practically ousted him from its control and enjoyment, without having in terms contracted for such extensive rights. It, claiming under the original grantees, purchased timber and the right to cut and remove it, and not land, and yet, upon its contention that no limit has been fixed in the grant, it has the right to the use of the soil for the sustenance of the standing trees, and the land as a depository for the cut, and their removal forever, if it so pleases. Then the grantors, in selling timber, have unwittingly parted with the control, if not a large part of the ownership, of this land. To concede such a contention would be in the face of the natural presumption of what was the intention of the parties to the contract, and also of a well-established rule of law, which is applied to contracts as to other matters, and upon sound reason should have universal application, which is that, where anything is to be done, as goods to be delivered or the like, and no time is specified in the contract, the law presumes that the parties intend that the thing should be done in a reasonable time." 5 Lawson's Rights and Rem. 4133; 2 Parsons' Cont. 535.

By supplemental brief filed since the submission of the cause, appellant cites the case of Houston Oil Co. v. Hamilton, recently decided by our Supreme Court and reported in 206 S. W. 817.

It may be that the holding in the Hamilton Case is conclusive against the construction we have placed upon this deed, but we do not regard it as necessarily so; and, in view of our firm conviction that the cases above cited decide this question upon the soundest principles of reason and in accordance with the great weight of authority, we do not feel constrained to give to the decision in the Hamilton Case the force and effect which appellant insists should be accorded it, but think it can and should be distinguished from this case. The deed construed in the Hamilton Case conveyed to the grantee "all

the merchantable pine timber now standing and growing" upon the tract of land described in the deed. The habendum and warranty clauses of the deed are as follows:

"To have and to hold the said timber on the above-described premises, together with the right of way into, upon, through, and across said land, for the purposes of removing said pine timber thereupon, unto the said Reliance Lumber Company, its successors and assigns, forever. And I do hereby covenant and agree that the said Reliance Lumber Company shall have all the time it demands in which to remove said timber from off said land, and that said timber and land is free from all incumbrances of every kind whatever, and I do bind myself, my heirs, executors, and administrators, to warrant and forever defend the right, title, and possession of said pine timber, together with the right of way on, into, across, and through said land, unto the said Reliance Lumber Company, its' successors and assigns, against every person whomsoever claiming or to claim the same or any part thereof."

The Supreme Court holds that, construing this deed as a whole, it was the intention of the maker to convey an absolute fee-simple title to the timber without any limitation as to the time of its removal, and that this intention was made manifest and placed beyond the realm of doubt by the clause of the deed giving the grantee "all the time it demands in which to remove said timber off said land."

[5] It is true that the opinion holds that by the use of the word "forever" in the habendum clause the deed should be construed as evidencing the intention of the grantor to convey an absolute fee-simple title to the timber without any limitation as to the time of its removal, but in view of the construction placed by the court upon the other clause of the deed above quoted this holding was not necessary for a decision of the case. We think the learned judge who wrote that opinion was so impressed with the soundness of his construction of the deed as a whole that he gave a meaning and effect to the use of the word "forever" in the habendum clause of that deed which, while it may have accorded with the manifest intention of the parties to that instrument, cannot be given it in all cases. The use of the word "forever" in the granting or habendum clause of a deed does not generally have the effect of enlarging the estate granted; and, if the instrument as a whole shows that a fee-simple title was not intended to be granted, the title will not be enlarged into a fee simple by the grantor's declaration that it is to be held by the grantee "forever." Watson v. Wolff Co., 95 Ark. 18, 128 S. W. 581, Ann. Cas. 1912A, 540; Johnson v. Barden, 86 Vt. 19, 83 Atl. 722, Ann. Cas. 1915A, 1243; McMillan v. Hughes, 88 S. C. 296, 70 S. E. 804; Guild v. Mayor, 87 N. J. Eq. 38, 99 Atl. 120; McClelland v. McClelland, 132 Ky. 284, 116 S. W. 730.

We further think the word should not be given the effect contended for by appellant in the construction of this deed, because the deed conveys the absolute fee-simple title to several tracts of land described therein, and the use of the word "forever" in the habendum clause was apt and accurate as applying to the lands conveyed, and the reasonable construction of the clause is that the words "to have and to hold forever" were used in their general sense as declaratory of the power of alienation in the grantee and were not used with any intention of giving the grantee the perpetual right to enter upon and take the timber from the land, the title to which was expressly reserved by the grantors in the deed.

Assuming that our construction of this deed is correct, our Supreme Court, in the recent case of Houston Oil Co. v. Boykin, 206 S. W. 815, has settled the question as to what rights, if any, the purchaser of timber under a deed of this character has in the timber after the expiration of a reasonable time for its removal from the land. The opinion in that case cites and discusses a number of the conflicting cases on this question, and reaches the conclusion that under such a deed title only passes to so much of the timber as is removed within a reasonable time.

[6] Appellant also assails the ruling of the trial court in admitting the parol evidence before set out over its objection that such evidence contradicted and varied the terms of the written instrument.

It follows from our construction of the deed that this objection to the oral evidence is not valid. All of the parol evidence introduced was consistent with the written contract as we construe it, and, while immaterial and unnecessary for the determining of the rights of the parties under the written contract, its introduction was not harmful to appellant.

If our construction of the deed is correct, the question of innocent purchaser is not in the case, and the assignments of error presenting that question need not be discussed.

It follows from the views before expressed that in our opinion the trial court correctly held that plaintiff was not entitled to any relief, and the judgment in favor of defendant must be affirmed.

Affirmed.

On Motion for Rehearing.

PER CURIAM. Rehearing denied.

GRAVES, J. (concurring). The question of whether this court's construction of the deed here involved conflicts with the holding of the Supreme Court in Houston Oil Co. v. Hamilton, 206 S. W. 817, is to me exceedingly doubtful; indeed, I am inclined to think that the two opinions do in fact run along parallel lines, and can therefore neither meet nor coincide.

Accordingly, if that were the sole consideration upon which the disposition of the case here made could rest, while individually holding and preferring the view taken by this court, yet, believing that we should follow prior determinations of the same question by the Supreme Court, I could not agree to an affirmance; but I think the form of this deed left its meaning sufficiently infected with ambiguity and doubt to properly let in the parol proof admitted for the purpose of clearing that up and of getting at the actual intent of the parties. When that was done, the undisputed evidence showed that neither side understood the deed they were passing to be an absolute conveyance of the fee in the timber, with such incidental interest in the land as was necessary for its sustenance and unattended by any requirement for its removal, but, upon the contrary, the mutual agreement was that the purchaser would expeditiously remove the timber and so permit the sellers to use the land on which it stood for farming purposes. Impelled by these conclusions, I have concurred in the original judgment and in overruling the motion for rehearing.