## Tucker v. Tucker et al.

(Decided May 14, 1935.)

H. B. KINSOLVING, Jr., for appellant.

GILBERT & DAVIS for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

This appeal involves the construction of the will of Mary Elizabeth Pemberton, who departed this life in October, 1912, leaving a will dated June 30, 1896. At the time of the death of the testatrix she was the joint owner with her daughter, Amanda J. Tucker, of a tract of land in Shelby county, Ky., containing about 198 acres. By the terms of her will she devised her undivided one-half interest in the land to her daughter, Amanda J. Tucker, for life, with remainder to any child or children she (Amanda J. Tucker) may leave living at the time of her death. That clause of the will pertinent to the question here involved, reads:

"At the death of my said daughter, it is my desire and I hereby will that the property devised to her as above, shall descend absolutely to any child or children she may leave living at the time of her death, but if my said daughter should die leaving no bodily heir or heirs, then and in that event, it is my will and I hereby direct that upon her death all of the property bequeathed to her shall descend and be divided equally between my brothers and sisters. In case of the death of either of my brothers or sisters, I desire that the portion going to same, shall be given to their bodily heirs equally."

At the time the will was executed, Amanda J. Tucker had no children; but subsequently, and prior to the death of the testatrix, Amanda J. Tucker had given birth to two children, Ray P. Tucker, the appellant herein, and William L. Tucker, the father of the infant defendant, William L. Tucker, Jr. Ray P. Tucker and William L. Tucker were about 8 or 10 years of age at the time of their grandmother's death.

William L. Tucker died intestate on the 29th day of January, 1933, leaving surviving him as his only heirs at law Ruth S. Tucker, his wife, and an infant son, William L. Tucker, Jr. William L. Tucker's mother, Amanda J. Tucker, the life tenant under the will of Mary Elizabeth Pemberton, died on the 18th day of

February, 1933, leaving surviving her her husband, Earnest T. Tucker, Ray P. Tucker, a son, and William L. Tucker, Jr., a grandson.

A controversy arose between Ray P. Tucker and William L. Tucker, Jr., involving the question whether Ray P. Tucker, the surviving son, took the whole estate under the terms of the will of his grandmother, the testatrix, or whether William L. Tucker, Jr., the grandson of the life tenant, Amanda J. Tucker, is entitled to the share of his deceased father, William L. Tucker, who predeceased his mother, the life tenant.

Ruth S. Tucker, the widow of William L. Tucker, filed her answer, cross-petition, and counterclaim asking that she be awarded dower in the undivided one-half interest of the undivided one-half of the property in question. William L. Tucker, Jr., by his guardian, filed an intervening petition and counterclaim asking to be adjudged the owner of the one-half interest his father would have taken had he survived his mother.

The chancellor granted the full relief asked by the pleadings of Ruth S. Tucker, the widow, and William L. Tucker, Jr., and awarded the widow dower and adjudged William L. Tucker, Jr., to be the owner of the fee. Ray P. Tucker has appealed from that part of the judgment in favor of William L. Tucker, Jr., and asks a reversal to that extent only. But no question is made as to the judgment awarding dower to Ruth S. Tucker. Hence, we express no opinion as to the propriety of that part of the judgment.

This action, as originally filed, was a petition for a declaration of rights under sections 639a-1 to 639a-12 of the Civil Code of Practice known as the Declaratory Judgment Act. However, it was not practiced as a declaratory action under the Code, and was treated by the parties and the trial court as an equity action for the construction of the will involved, and in view of the procedure had in the lower court, we do not think it would serve any useful purpose to quibble over the procedure. Hence, we proceed to a determination of the case on the merits.

It is the contention of the appellant that the will of Mrs. Pemberton created a life estate in her daughter, Amanda J. Tucker, and a vested fee in remainder in

the children of her daughter, as a class, subject to be defeated as to any of the remaindermen who predeceased the life tenant. On the other hand, it is the contention of appellee that a defeasible fee was vested in the children of Amanda J. Tucker, the life tenant, and that if a child of hers predeceased her leaving children, such children would then take the interest of their parent as a devisee under the will of Mrs. Pemberton.

Appellant bottoms his case mainly upon the question of the character of the estate created by the will, and relies upon numerous cases dealing with questions of defeasible fee, contingent remainder, and other kindred questions. It is our view, however, that the character of the estate, with respect to the technical questions above mentioned, is not the guide to a proper determination of the question here involved. The question to be determined is the intention of the testatrix. Was it her intention that if her daugher left a surviving child or children, such survivor or survivors should take the whole estate to the exclusion of a child or children of her daughter, who may have predeceased her? It is a fundamental rule of construction of wills, and so well-known that citation of authority is hardly necessary, that the courts will first endeavor to ascertain from the will as a whole the intention of the testator, and in arriving at such intention, the courts will take into consideration all the surrounding circumstances, nature of the estate, etc., and if such intention can be arrived at with any reasonable certainty, technical rules of construction will not be resorted to to defeat the intention of the testator. McClelland's Ex'r v. McClelland, 132 Ky. 284, 116 S. W. 730. However, if the terms of the will are contradictory or the meaning of the testator obscure, and when there is nothing in the will to show the actual intention of the testator, and when such intention cannot otherwise be ascertained, then technical rules may be resorted to. American Christian Mission Soc. v. Tate, 198 Ky. 621, 250 S. W. 483.

It is argued for appellant that the words "child" or "children" do not embrace grandchildren. This, we must concede, is the general rule. However, there are exceptions to this rule, and the meaning of such words will be extended to include grandchildren if it is evident or reasonably apparent from the instrument as a whole that it was the intention of the testator that grandchil-

dren should be included in the words "child" or "children." Miller v. Carlisle, 90 Ky. 205, 14 S. W. 75, 12 Ky. Law Rep. 66.

It will also be noticed that in the quoted paragraph of Mary E. Pemberton's will, she provided that if her daughter should die leaving no bodily heir, or heirs, in that event the property should descend and be divided equally among her (testatrix) brothers and sisters, and, in case of the death of either of her brothers or sisters, his or her portion of the property should be given to their "bodily heirs equally." Thus, it will be seen that the testatrix did not intend to disinherit the children or "bodily heirs" of a deceased brother or sister. This fact is strongly persuasive that it was the testatrix's intention to keep the property in the line of her family, which repels the idea that she intended to disinherit the children of a deceased grandson.

In Harrington v. Gibson, 109 Ky. 752, 60 S. W. 915, 22 Ky. Law Rep. 1486, the following language was contained in a deed:

"It is the intention of this instrument of writing to convey to the said Martha I. Harrington the said tract of land during her natural life, and at her death the same to descend to such of her children as may then be living."

This court pointed out that the use of the word "descend" indicated an intention to include bodily heirs. And, further said the court:

"* * * The common-law rule that the word 'children' does not include grandchildren, as fully shown in the cases cited, has been modified in this state by statute. Section 2064, Ky. St., provides: 'A devise to children embraces grandchildren when there are no children, and no other construction will give effect to the devise.' This provision is a part of the statute abrogating the common-law rule as to survivorship among devisees, and applies to all instruments in the nature of a testamentary disposition. If all the children of Mrs. Harrington had died before her, clearly, under this provision, the grandchildren would have taken the estate in room of their deceased parent. The fact that one of the children survived, while the others were dead,

should not change the result, for the one case is as clearly within the spirit and purpose of the deed as the other.''

See, also, to the same effect Roy v. West, 194 Ky. 96, 238 S. W. 167.

It may be of interest to note that the testatrix used the phrase ''child or children'' and ''bodily heir or heirs'' interchangeably, and when she used these words, her daughter, Amanda J. Tucker, had no children. It is obvious that she anticipated changed circumstances, and this is particularly so in view of the provisions she made for her brothers and sisters and their ''bodily heirs'' in the event her daughter died leaving no bodily heir or heirs.

Counsel for appellant in his brief practically concedes that numerous authorities support the contention of appellee, but insists that such authorities are unsound and should be overruled. We think that the authorities and rule relied on by appellee are sound and are in harmony with the great weight of authority. They are based upon the principle that the intention of a testator or grantor will prevail, when such intention can be ascertained from the instrument.

The language of the will as a whole, considered in the light of all the circumstances, impels us to the conclusion that it was the intention of the testatrix that the words ''child'' or ''children'' of her daughter included grandchildren, and that the judgment of the chancellor is proper.

Wherefore, the judgment is affirmed.