The STATE of Texas, Petitioner,

v.

Tom T. ALLEN et al., Respondent.

No. D–4071.

Supreme Court of Texas.

Jan. 5, 1994.

Rehearing Overruled March 9, 1994.

Dan Morales, Will Pryor, Mary F. Keller, Richard D. Naylor and Kirk Kuykendall, Austin, for petitioner.

Kent A. Sick, Austin, for respondent.

PER CURIAM.

This is yet another case arising out of the condemnation of part of a commercial tract in order to widen and convert U.S. Highway 183 in Austin, as described in detail in our opinion in *State v. Schmidt*, 867 S.W.2d 769. In this case, the State of Texas condemned a 1,240 square foot strip of an 18,750 square foot commercial property located at 8317 Research Boulevard. The principal issue here, as in *Schmidt* and related cases, is whether the condemnees are entitled to compensation for a decrease in value to the remainder due to diversion of traffic, increased circuity of travel, lessened visibility and interim construction inconvenience. 854 S.W.2d at 228. The parties disputed all market values necessary to decide the case, including the market value of the whole property before the taking, the market value of the remainder before and after the taking, the market value of the strip taken, and the decrease in market value of the remainder. As to the latter, they disputed both the amount of that decrease caused by various factors and the best use of the property before and after the taking.

Thus, both the condemnees of the property and the State introduced evidence on the total decrease in the market value of the remainder as a result of the taking, and on the sources of that decrease. Both sides introduced testimony as to the magnitude of the effect of so called "Schmidt factors" on the market value of the remainder, for the most part without objection. At the end of the trial, the State requested the judge to instruct the jury not to consider "community damages" or "Schmidt factor" damages—including loss or decrease of traffic volume, circuity of travel, impairment of ingress and egress[1], and annoyance and inconvenience

---

1. In *State v. Schmidt*, 867 S.W.2d 769, 775 (Tex. 1993) we indicated our approval of the holding of *City of Austin v. Avenue Corp.*, 704 S.W.2d 11 (Tex.1986), that damages may be recovered for a total temporary or partial permanent restriction of access, or a partial temporary restriction of access due to illegal or negligent activity, but we further held that damages due to mere impairment of access caused by construction activity are not compensable.

due to construction—in their determination of the dollar amount of decrease in fair market value to the remainder after the taking. The State also requested that the question posed to the jury concerning the decrease in market value of the remainder also exclude decrease due to community damages. The court refused to include any of the State's requested instructions in its charge. The jury subsequently determined that the decrease in market value of the remainder was $116,000.00, and the fair market value of the strip taken by the State was $17,980.00. The trial court rendered judgment for the total amount of $133,980.00. The State appealed, and the court of appeals affirmed. Now the State asks this Court to reverse and remand the case for a new trial, on the ground that the trial court's refusal to instruct the jury not to consider "community damages" or "Schmidt factor" damages was error.

For the reasons explained in *Schmidt*, we agree with the State and reverse and remand the case for a new trial.[2] Because the best use of the property issue was disputed, and a change in the best use due to the taking can create compensable damages to the remainder in some cases, we remand the case for a new trial rather than modify the judgment to delete the award of $116,000.00 for consequential damages to the remainder due to factors discussed in *State v. Schmidt*.[3]

---

2. We reject the condemnees' argument that the State has waived its argument as to the legal measure of damages by failing to timely object on admissibility grounds to the condemnees' introduction of evidence as to the "Schmidt factor" and "community" damage to the remainder. We note that the State did, in fact, enter such an objection; that the State does not contest the admissibility of that evidence in their Application for Writ of Error to this Court; and that the condemnees did not raise this waiver argument in the court of appeals.

3. Because we reverse and remand on the *Schmidt* grounds, we do not need to consider the State's argument that the trial court likewise erred in refusing to allow the State to supplement its answers to interrogatories within the thirty days before trial pursuant to TEXAS RULES OF CIVIL PROCEDURE 166b(6).