IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00136-CV

 

The State of Texas,

                                                                                    Appellant

 v.

 

Dawmar Partners, LTD., A Texas 

Limited Partnership, and howard 

wayne gruetzner and beverly 

ann gruetzner (a/k/a beverly g. 

shaw), co-independent executors 

of the estate of martha lillian 

attaway gruetzner (a/k/a martha 

lillian attaway gruetsner),

                                                                                    Appellees

 

 



From the County Court at Law No.
1

McLennan County, Texas

Trial Court No. 20040931CV1

 



memorandum Opinion










 

            The State of Texas brings this appeal
from a judgment in a condemnation proceeding where the jury awarded the
landowners $964,279.44 for the value of the property taken by the State and the
damage to the remainder.  Because the trial court did not err in admitting
testimony of damages to the remainder and because it did not err in admitting
testimony of value by Howard Gruetzner and Randy Reid, we affirm the trial
court’s judgment.

Background

            The State condemned 12.89 acres of a
79.54 acre tract, owned by Dawmar Partners, Ltd. and Lillian Gruetzner,
hereinafter referred to as Dawmar, to improve FM 1695, or Hewitt Drive, in Hewitt, Texas.  After the taking, the remainder of the property would not have direct
access to FM 1695, because the roadway was to be elevated.  At a Special
Commissioners’ Hearing, Dawmar was awarded $267,000 for the taking.  Dawmar
filed objections to the award and the administrative proceeding was converted
into a judicial proceeding.  Before trial, Lillian Gruetzner passed away.  A
jury ultimately awarded Dawmar $964,279.44.  The State appealed.

Damage to Remainder

            In its first issue, the State contends
that the trial court erred in admitting evidence of damages due to an
impairment of access that was not material and substantial.

            Whether to admit or exclude evidence
is a matter committed to the trial court's sound discretion.  Interstate
Northborough Partnership v. State, 66 S.W.3d 213, 220 (Tex. 2001).  To
reverse a judgment based on a claimed error in admitting or excluding evidence,
a party must show that the error probably resulted in an improper judgment.  Id.  Typically, a successful challenge to a trial court's evidentiary rulings
requires the complaining party to demonstrate that the judgment turns on the
particular evidence excluded or admitted.  Id.

            The State raised the issue of
impairment of access in its motion in limine in a pretrial hearing.  The trial
court declined to rule on the motion until it heard the evidence.  David
Bolton, one of Dawmar’s experts, had identified an area of 30 acres out of the
79.54 acres as an economic unit.  He also testified that in his opinion, the
highest and best use of the 30 acre economic unit was commercial and that was
the basis on which he appraised the property including damage to the
remainder.  The State’s experts testified that the highest and best use of the
entire property was as residential property.  Bolton also opined that the
economic unit was worth $1.00 per square foot, totaling $1,306,800.  Therefore,
he concluded, the 12.89 acres taken by the State was worth $561,488.[1]

            At the time Bolton began to testify
about the damage to the remainder, the State objected.  The trial court
overruled the objection.  Bolton then testified that after the taking by the
State, the highest and best use of the remainder, other than a separate tract
of approximately 3 acres, of the economic unit changed.  The reason for the
change in the highest and best use was because the remainder no longer had
direct access to the roadway and only had access through what had been the back
of the property.  Bolton testified that, as a result, the highest and best use
of the remainder could only be as combined with the rest of the property, that
is, residential property.  Bolton estimated the value of the remaining 14 acres
of the 30 acre economic unit to be $9,500 an acre.  The highest and best use of
a three acre portion of the economic unit had not changed and he continued to
value it as commercial property worth $1 per square foot.  Bolton concluded
that the value of the land taken by the State plus the damage to the remainder
of the economic unit totaled $1,039,524 ($561,488 part taken; $478,036 damages).

            Randy Reid, a local real estate
broker, also testified about the use and value of the property taken and the
damage to the remainder.  He also testified about an economic unit, however, he
opined that the economic unit was only 19.21 acres.  Over objection by the
State, Reid opined that the taking had a major impact on the use of the
remainder as commercial property.  He believed that what made property more
valuable and suitable for commercial use was visibility and good access.  He
said the 7 acres of the remainder no longer had the potential of being
commercial property.  Reid concluded that the value of the land taken and the
damage was $703,778 ($561,662.64 part taken; $142.115.36 damages).

            The State argues on appeal, as it did
in the trial court, that Dawmar’s expert testimony about damage to the
remainder was inadmissible because that damage was the result of an impairment
of access to the property that was not material and substantial and therefore
non-compensable.  See City of Waco v. Texland Corp., 446
S.W.2d 1 (Tex. 1969).  The State does not argue that the damage to the
remainder was non-compensable for any other reason.  Thus, we limit our discussion
to the specific argument raised by the State.  However, this case was not about
the impairment of access that was material and substantial.  The denial of
access to FM 1695 was a factor, but Dawmar’s evidence concentrated on the
change in use of the economic unit from commercial to residential.  See Interstate
Northborough Partnership v. State, 66 S.W.3d 213, 223-24 (Tex. 2001) (where
evidence was about unsafe access to the remainder rather than damages due to
material and substantial impairment of access).  The Texas Supreme Court has
suggested that when the best use of the property is a disputed issue, a change
in the best use due to the taking can create compensable damages to the
remainder.  State v. Allen, 870 S.W.2d 1, 2 (Tex. 1994).  The best use
of the property in this action was disputed.  Dawmar’s experts testified that
there was a change in the best use due to the taking and that the change
damaged the value of the remainder.  In light of the testimony, the trial court
did not abuse its discretion in allowing Dawmar’s experts to testify about the
damage to the remainder.  The State’s first issue is overruled.

            In its second issue, the State argues
that there was no evidence or insufficient evidence to support the jury’s
answer to Question No. 2 awarding remainder damages of $402,616.80.  The State
relies solely on a favorable determination to its first issue as support for
its second issue.  Because we held the trial court did not abuse its discretion
in allowing testimony as to the remainder damages, the State’s second issue is
overruled.

Testimony as to Value

            In its third and fourth issues, the
State contends that the trial court abused its discretion in admitting the
testimony of two of Dawmar’s witnesses, Howard Gruetzner and Randy Reid.

            Howard Gruetzner was a co-executor of
the estate of his mother, Lillian Gruetzner.  Lillian was a co-owner with
Dawmar of the property.  He stated that Lillian’s will gave the property to his
sister and to him.  At trial, Howard took the stand to give his opinion as to
the fair market value of the property.  The trial court overruled the State’s
objections to Howard’s opinion testimony.  On appeal, the State first argues
that Howard could not testify as to the value of the property because he was
not an owner of the property.

            Section 37 of the Probate code
provides in part:

When a person dies, leaving a lawful will, all of
his estate devised or bequeathed by such will, and all powers of appointment
granted in such will, shall vest immediately in the devisees or legatees of
such estate . . . .

 

Tex. Prob. Code Ann. § 37 (Vernon 2003).  The title to Lillian’s share
of the property immediately vested in Howard and his sister.  See Kelley
v. Marlin, 714 S.W.2d 303, 305-306 (Tex. 1986); Casey v. Kelley, 185
S.W.2d 492 (Tex. App.—Beaumont 1945, writ ref’d) (“whether property passes
under a will or by descent and distribution, the title vests immediately upon
the death of the owner; there is never a time when the title is not vested in
somebody.”).  A right to the property devised is conferred on the devisee as
effectively as if the transfer had been made in the form of a deed by the
testator.  Ferguson v. Ferguson, 111 S.W.3d 589, 596 (Tex. App.—Fort
Worth 2003, pet. denied).  Therefore, Howard was an owner of the property.

            The State further argues that even if
Howard was an owner, his testimony was inadmissible because he did not testify
that he was familiar with the market value of his property.  See Porras
v. Craig, 675 S.W.2d 503 (Tex. 1984) (the owner of the property can testify
to its market value, even if he could not qualify to testify about the value of
like property belonging to someone else.)  However, the State did not present
this argument to the trial court and has failed to preserve it for appeal.  See
Tex. R. App. P. 33.1(a)(1).  

            Because Howard was an owner of the
property, the trial court did not abuse its discretion in admitting his
testimony.  The State’s third issue is overruled.

            Randy Reid testified about the value
of the property taken and the value of the remainder.  He based his opinion of
value on an economic unit of 19.21 acres.  Reid, as did Bolton, believed that
the economic unit was worth $1 a square foot as commercial property before the
taking.  Reid opined that the taking had a major impact on the remainder as
commercial property.  He believed that what made property attractive for
commercial purposes was visibility and good access.  He said the remaining 7
acres of the economic unit no longer had the potential of being commercial property. 
Reid concluded that the value of the property taken and the damage was $703,778
($561,662.64 part taken; $142,115.36 damages).

            Prior to his testimony about the value
of the property, the State objected to the testimony for two reasons:  1) Reid did
not follow the Uniform Standards of Professional Appraisal Practice; and 2)
Reid relied upon sales of lots in a subdivision to appraise un-subdivided
property.  Because Reid’s report had not been offered into evidence, the trial
court, without specifically ruling on the objection, allowed Reid to testify
about the value of the property.  After that portion of his testimony, the
State “renewed” its objection.  It mentioned the same two grounds as before,
but then added that both grounds make Reid’s opinion not relevant or reliable
under the Rules of Evidence.  The State then asked the court to strike the
evidence that had been presented and instruct the jury to disregard Reid’s
testimony on value.  The trial court overruled the objection.

            On appeal, the State argues that based
on Daubert[2]
and its progeny, Reid’s failure to follow the techniques and methodology
generally accepted as valid in the appraisal community, and his violation of
regulations governing his profession, in the development of his opinions,
rendered Reid’s opinions unreliable and thus, should have been excluded. 
Assuming that the objections were specific enough to preserve this particular
issue, of which we have concerns, and that admission of the evidence was error,
we find that the admission of Reid’s testimony was harmless.  

            To reverse a judgment based on a
claimed error in admitting or excluding evidence, a party must show that the
error probably resulted in an improper judgment.  Interstate Northborough
Partnership v. State, 66 S.W.3d 213, 220 (Tex. 2001).  In determining if
the admitted evidence probably resulted in the rendition of an improper
judgment, we review the entire record.  Id.  

            The State contends Reid’s testimony
probably resulted in an improper judgment because the jury awarded the exact
amount testified to by Reid for the part taken - $561,662.64.  The jury did, in
fact, award the exact amount testified to by Reid.  However, Dawmar’s other
expert, David Bolton, testified to the same amount.[3] 
In reviewing the record, Reid’s testimony was not any more damaging to the
State than Bolton’s so as to suggest that the jury based its decision on Reid’s
testimony rather than Bolton’s.  Further, the value of the part of the property
acquired is the only value that Reid and Bolton agreed with each other -- $1.00
per square foot.  Their opinions differed as to the size of the economic unit
and as to the damage to the remainder.  Reid determined that value of the
property taken and the damage to the remainder was $703,778 ($561,662.64 part
taken; $142.115.36 damages).  Bolton determined that the value of the property
taken and the damage to the remainder was $1,039,524 ($561,488 part taken;
$478,036 damages).  The jury awarded Dawmar $964,279.44 ($561,662.64 part
taken; $402,616.80 damages), a figure much closer to Bolton’s amount than to
Reid’s.  

            The State also contends that the
testimony probably resulted in an improper judgment because the jury awarded
compensation for damages that were non-compensable.  As discussed in the State’s
first issue, we determined that the trial court did not abuse its discretion in
allowing testimony of remainder damages because the testimony was not based on
damages due to an impairment of access that was material and substantial as was
argued by the State.  The State gives no other reason why the damages sought
would be non-compensable.  Therefore, our disposition of the State’s first
issue negates this reason that Reid’s testimony probably resulted in an
improper judgment.  

            Based on a review of the entire
record, we do not find that Reid’s testimony resulted in the rendition of an
improper judgment.  The State’s fourth issue is overruled.

 

 

Conclusion

            Having overruled the State’s issues on
appeal, the trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed May 30, 2007

[CV06]









[1]  There were some minor differences in the number
of square feet taken resulting in slight variances in the value taken when
multiplied out by the value per foot but both of the landowner’s experts agreed
the value of the part taken was $1.00 per square foot.  Bolton used .004 acres
less than Reid.





[2] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469
(1993).

 





[3]  See
footnote 1.